KOLES et al. v. BOROUGH PARK CO.

(Supreme Court, Appellate Division, First Department. February 10, 1911.)

1. VENDOR AND PURCHASER (§ 77*)—CONSTRUCTION OF CONTRACT—TERMS OF CREDIT AND DEFERRED PAYMENTS.

Under a contract for the sale of real estate, the price was payable a fixed amount "in each and every month following  *  *  * until said principal sum and all taxes and assessments hereafter levied,  *  *  * the payment of which is hereby assumed by the vendee, together with interest  *  *  * on unpaid balances of the purchase price and the amount of said taxes and assessments,  *  *  * shall have been fully paid by the vendee." The vendee was liable under the contract for taxes for 1905 and 1906, and for two assessments levied in 1906 and 1908, but was not asked to pay these sums when they became due, and in statements made by the vendor their total was debited as a part of the whole amount claimed to be due. In 1910 the vendor demanded that the vendee pay these taxes and assessments in a lump sum, and on refusal attempted to cancel the contract. Held, that under the terms of the contract, and in view of the construction given to it by the acts of the parties, the vendee's obligation as to the purchase price, taxes, assessments, and interest was only to pay monthly installments until full payment should be made, and not to pay any part thereof in a lump sum.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 120; Dec. Dig. § 77.*]

2. CONTRACTS (§ 143*)— CONSTRUCTION — INTENT OF PARTIES — CONSTRUING WHOLE CONTRACT TOGETHER.

In construing a contract, the whole instrument should be considered.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 723; Dec. Dig. § 143.*]

3. VENDOR AND PURCHASER (§ 77*)—TIME OF PAYMENT—DEFERRED PAYMENTS —MONTHLY INSTALLMENTS.

Where the purchaser's first installment under a contract for the purchase and sale of land is due in a certain month, but no date therein is specified, the purchaser has the whole month within which to make the payment, and the monthly installments falling due thereafter may be paid at any time during the month within which they fall due.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 120; Dec. Dig. § 77.*]

4. VENDOR AND PURCHASER (§ 95*)—RESCISSION OF VENDOR—WAIVER OF DE-FAULT AND PAYMENT.

Where a vendor has asked for and received a check covering installments due for the month in which paid and for the preceding month, it cannot thereafter refuse to apply it to payments of the installments falling due in those two months.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 158-160; Dec. Dig. § 95.*]

5. VENDOR AND PURCHASER (§ 95*)—RESCISSION OF CONTRACT OF VENDOR—NONPAYMENT OF PURCHASE MONEY.

A contract for the sale and purchase of real estate, on which the purchaser was to pay fixed monthly installments, provided that, "in case

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the vendee shall fail to make said payments or any of them when the same shall become due, then this contract shall be null and void, and all rights of the vendee * * * shall be canceled." The purchaser was in arrear on an installment due May 30th, but for reasonable cause had the right under the contract to defer payment by written notice within 30 days, and on June 16th he was requested to pay the installment for May and June, which he did, and the vendor also received his installments for July and August following. The installments covering these months were not returned, nor was any notice of an intention to claim a forfeiture given by the vendor until August when it claimed a forfeiture on different and insufficient grounds. *Held,* that the purchaser was not in default in his payments, and that on the vendor's refusal to perform further he could maintain an action for damages.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 158–160; Dec. Dig. § 95.*]

Appeal from Trial Term, New York County.

Action by Eli Koles and another against the Borough Park Company. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

William C. Rosenberg, for appellants.
A. Berton Reed, for respondent.

McLAUGHLIN, J. On the 6th of October, 1903, the parties to this action entered into a written contract for the purchase and sale of real estate, the consideration to be paid in installments as provided therein. The installments, aggregating $1,112, were paid, if not according to the terms of the contract, certainly to the satisfaction of the defendant, to the month of April, 1910. On the 16th of June, 1910, the defendant notified the plaintiffs that two installments, amounting to $28, were due on their contract, and also $687.59 for interest, taxes, and assessments, and requested a check for the same. On the following day the plaintiffs sent to the defendant a check for $28, and at the time wrote it that:

"According to the terms of our contract * * * the taxes and assessments may be paid by us in installments as the principal sum and interest is paid."

The defendant acknowledged receipt of the check, but declined to credit the same upon the contract in payment of the installments due, unless the interest, taxes, and assessments were also paid. Further correspondence took place between the parties, each adhering to his original contention that his construction of the contract was correct. On the 5th of July, 1910, plaintiffs inclosed their check for $14, installment due for that month. The check was received by defendant, and nothing further appears to have been done by either of the parties until the 6th of August, when the plaintiffs sent a check to pay the installment for that month. Two days later the defendant returned to the plaintiffs the three checks mentioned, and at the same time notified them that it had canceled the contract, because the plaintiffs had failed to pay the interest, taxes, and assessments. There-

upon this action was brought to recover damages for breach of the contract; plaintiffs alleging full performance upon their part. The defendant denied performance on the part of the plaintiffs, and alleged, affirmatively, that they had failed to perform, and by reason thereof the defendant had a right to cancel the contract. At the trial, at the close of plaintiff's case, the complaint was dismissed, and from the judgment entered thereon, plaintiffs appeal.

The main question presented by the appeal turns upon the construction to be put upon the following clause of the contract:

"The price is twenty-one hundred dollars, payable as follows: Twenty dollars on the signing of this contract, the receipt whereof is hereby acknowledged, and the further sum of fourteen dollars in each and every month following the date hereof, until said principal sum and all taxes and assessments hereafter levied by the city and state of New York, the payment of which is hereby assumed by the vendee, together with interest beginning on the sixth day of October, nineteen hundred and four, on unpaid balances of the purchase price and the amount of said taxes and assessments at the rate of five per cent. per annum, shall have been fully paid by the vendee. All taxes levied prior to the day of Oct. 6/04, shall be paid by the vendor, and interest on the amount of the taxes and assessments to be paid by the vendee shall be charged only from the date of confirmation of the same or payment for the same by the company."

Were the plaintiffs obligated under the clause quoted to pay the interest, taxes, and assessments in addition to the installments provided for; in other words, were they in default when the defendant canceled the contract? It seems to me there can be but one answer to the question. The language used in the clause plainly indicates that all the moneys required to be paid by the vendees, including the purchase price, taxes, and assessments and interest charges, were to be paid in installments of $14 a month until the same were fully paid. The provision is that an installment shall be paid "in each and every month * * * and until" such items "shall have been fully paid by the vendee." The first three words after the word "until" are "said principal sum." The construction contended for by the respondent necessitates the omission of all of the words following these three, until the concluding phrase, "shall have been fully paid." But the words "said principal sum" are followed without a break by the words "and all taxes and assessments." The conjunction "and" gives to the expression "all taxes and assessments" precisely the same function in the sentence as that possessed by the words "said principal sum" preceding it. The conjunction "together" accomplishes the same result with reference to the interest charges. If the payment in full of the "principal sum" is a limitation of the period during which the monthly installments must be continued to be paid, then so is the payment in full "of all taxes and assessments" and of the "interest" charges. If this be true, then the taxes, assessments, and interest are to be paid in and by these installments and not otherwise. There is no other method prescribed or to be implied from the language used for paying them. In this connection it is significant that there is an implied undertaking by the defendant to pay them first and charge the vendees interest on the amount so paid.

This conclusion is strengthened by the construction which the par-

127 N.Y.S.—43

ties themselves put upon the contract up to June, 1910. As already indicated, the contract was made on the 6th of October, 1903, and under it the appellants became liable for the taxes which fell due in 1905, 1906, 1907, 1908, and 1909, aggregating $61.35, and for assessments levied December 13, 1906, and April 2, 1908, aggregating $197.93. The plaintiffs were not asked to pay these sums when they became due, nor was a suggestion ever made to them that they were obligated under the contract to pay them until the letter of June 16, 1910. And the same is true as to the interest upon the principal sum, which, on April 1, 1910, amounted to $489.66. The respondent had received the $14 monthly installments for over four years, without suggesting that anything more was due under the contract, and on the 17th of October, 1906, it furnished the appellants with a statement of their account, in which the sum total of the monthly installments was credited against the sum total of the amount claimed to be due, which included in one group the purchase price, taxes for 1905 and 1906, and interest charges, and it was not until after the present controversy arose that the account was changed and the monthly installments credited to the purchase price alone.

The whole contract indicates, as plainly as anything can, that the purchase price of the land in question was to be paid in small installments. There is nothing to indicate that the vendees undertook to pay any assessments that might be levied, together with interest, in a lump sum, while carefully stipulating for the payment of the purchase price in very small installments. A provision was inserted which protected the vendees against temporary inability to pay these small installments provided for; the vendor agreeing to forego their payment for a period of two years under certain conditions. The construction contended for by the respondent is not only unreasonable, but not justified by the language used, or the construction which the parties themselves put upon the contract. In construing a contract the whole instrument must be considered, and from such consideration a conclusion reached as to what the parties intended to do or sought to accomplish. O'Brien v. Miller, 168 U. S. 287, 18 Sup. Ct. 140, 42 L. Ed. 469; Woolsey v. Funke, 121 N. Y. 87, 24 N. E. 191. When the contract here under consideration is thus construed, I am clearly of the opinion that when the defendant made the demand for the payment of interest, taxes, and assessments, there was no legal obligation resting upon the plaintiffs to pay the same. If this be so, then the fact that such payment was not made did not justify it in refusing to thereafter apply upon the contract the installments paid.

But it is urged, even if the foregoing views be correct, the plaintiffs were, nevertheless, in default because they did not pay the installments which fell due on May 6 and June 6, 1910, and for that reason the defendant had a right to cancel the contract. The provision of the contract relied on is:

"In case the vendee shall fail to make said payments or any of them when the same shall become due, then this contract shall be null and void, and all rights of the vendee under this agreement * * * shall be canceled, and the same, and the amounts paid on this contract, shall be forfeited to the vendor, at its option, and remain its property as liquidated damages for failure to fulfill this agreement completely. * * *"

The defendant did not assume to cancel the contract until August 8, 1910. Were the plaintiffs then in default in the payment of the installments provided for? I think not. The contract, as we have seen, was dated October 6, 1903. It provided for a payment of $20 on that day, which was paid, and the further sum of $14 "in each and every month following the date hereof" until all of the payments had been made. The first installment of $14 was payable in November, and, no day being specified, the plaintiffs had the whole month within which to make the payment (Curtiss v. Howell, 39 N. Y. 211); and for the same reason the installments falling due thereafter could be paid at any time during the month within which they fell due. On the 16th of June, 1910, the plaintiffs had paid to apply on the contract $1,112; that is, $20 paid at the time of its execution and $14 for each month thereafter, except the month of May. They were not then in default for the month of June, because they could pay that installment any time during that month. They were in default for the month of May, but defendant could not work a forfeiture of the contract for failure to pay that installment before the 30th of June. If the plaintiffs were unable to pay that installment, by reason of ill health, "or other reasonable cause," they had, under the fifth clause of the contract, a right to make it within 2 years, provided they notified the defendant in writing within 30 days after that installment fell due of the cause of their failure to pay. That installment did not fall due until the last day of May, and plaintiffs had until the last day of June within which to give the written notice.

When the defendant, therefore, requested the plaintiffs on the 16th of June to send them a check for $28 to pay the installments for the months of May and June, all there was due under the contract was $14. The plaintiffs immediately complied with the request, and sent a check for $28. The defendant, having asked for and received the check, could not thereafter refuse to apply it in payment of the installments falling due in May and June. Nor could it thereafter be heard to say, for the purpose of working a forfeiture of the contract, that the May installment was not paid when due—certainly not without returning the check before the 30th of June, with notice that it would claim a forfeiture for failure to pay the May installment when due. Had that been done, the plaintiffs could have given the written notice. It is true, when defendant asked for the payment of the installments for May and June, it also asked for the payment of interest, taxes, and assessments. But this is of no importance, because, as we have already seen, it had no right to ask for the payment of such sums, and the plaintiffs were under no legal obligation to pay them.

It is also significant that the defendant, doubtless appreciating the force of the provisions of the contract which it had caused to be prepared, did not declare the contract forfeited for the failure to pay the May installment, but, on the contrary, received the installment due in July without protest, and it was not until after the August installment had been paid that it attempted to cancel the contract, and then because of plaintiffs' refusal to accede to its demand and pay the interest, taxes, and assessments. On the 8th of August, when it

returned the checks which had been sent in payment of the May, June, July, and August payments, it notified the plaintiffs "that your contract is hereby canceled." The plaintiffs were not then in default. They had made every payment called for by the contract. They had, at that time, fully performed on their part, and when the defendant refused further to perform the plaintiffs had a right to maintain an action for damages.

It seems to me, therefore, that the court erred in dismissing the complaint, and for that reason the judgment appealed from must be reversed, and a new trial ordered, with costs to appellants to abide event. All concur.