FLORA MACDONALD WHITE, Appellant, *v.* HENRY B. SLAY-
BACK and Others, Respondents.

First Department, November 7, 1919.

**Pleading — action for conversion arising from unauthorized sale
of collateral by stockholders — sufficiency of complaint — sale of
collateral contrary to conditions under which it is held.**

A complaint in an action for the conversion of collateral held by the defend-
ants for the purpose of protecting the plaintiff's marginal stock account,
which alleges in the first count that the defendants agreed, before selling
any collateral belonging to the plaintiff for failure of margin, that "They
would make due demand on the plaintiff for margin and would give plain-
tiff due notice of the time and place of sale," and that the plaintiff's col-
lateral was sold without notice of the amount of margin required and
of the place of sale, states a cause of action.

A second count of the complaint which realleges the matters in the first
count and further alleges that the defendants upon consideration agreed
to carry the account of the plaintiff "for a reasonable time" and "see
her through" is insufficient, as the agreement quoted is clearly too
indefinite and uncertain to form a binding obligation. But, as the com-
plaint alleges also that the defendants sold the collateral without notifying
the plaintiff of the amount of the margin required and of the place of sale,
all of which they had agreed to do, a sufficient cause of action is stated.

APPEAL by the plaintiff, Flora MacDonald White, from two
orders of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of
New York on the 17th day of April, 1919, denying plaintiff's
separate motions for judgment on the pleadings, consisting of
the amended complaint and demurrers thereto.

*Abraham Freedman* of counsel [*Goldman & Unger*, attorneys],
for the appellant.

*Richard J. Cronan* of counsel [*Francis X. Brosnan*, attorney],
for the respondent Quentin F. Feitner.

*Ernest J. Ellenwood* of counsel [*Coleman, Stern & Gotthold*,
attorneys], for the respondents Slayback and Coyne.

SMITH, J.:

The pleadings consist of the complaint and of the demurrers
of Slayback, Coyne and of Feitner, the same attorneys appear-

ing for Slayback and Coyne. Two orders were entered only. The plaintiff was doing business with the defendants as copartners in the stock brokerage business in the city of New York. She brings this action for conversion, in the sale of certain collateral which she held with the defendants for the purpose of protecting her marginal account. The Special Term has held that the complaint did not state a cause of action. We are of opinion that taking the allegations of the complaint as true, which we must do, upon the defendants' demurrer, the plaintiff's complaint states a cause of action in both counts thereof.

In the first cause of action the plaintiff alleges that the defendants agreed that before selling any stocks belonging to the plaintiff for failure of margin: " They would make due demand on the plaintiff for margin and would give plaintiff due notice of the time and place of sale," and that the plaintiff's stocks were sold without notifying the plaintiff of the amount of margin required and without giving the plaintiff due notice of the place of sale. If this agreement were in fact made and these stocks were sold without compliance on the part of the defendants with the conditions under which they were authorized to sell, the plaintiff has a right of action for their conversion, and we think the matters referred to in the first count of the complaint sufficiently allege such a cause of action.

The second count realleges the matters alleged in the first count, and further alleges an agreement upon the part of the defendants upon consideration to carry her account " for a reasonable time," and " see her through." The allegation to " see her through " is clearly too indefinite to impose any obligation on the part of the defendants. In view of the nature of the transactions, where the amount of necessary margin depends upon a fluctuating market, always uncertain and always capricious, in my judgment, a promise to carry her account for a reasonable time is also too uncertain from which to find a binding obligation. This complaint also alleges, however, that these stocks were sold without notifying plaintiff of the amount of margin required and without giving the plaintiff notice of the place of sale, and, upon these allegations, we find a cause of action stated which is not obnoxious to a demurrer for insufficiency.

The orders should, therefore, be reversed, with ten dollars costs and disbursements, and the plaintiff's motions granted, with ten dollars costs, with leave to defendants to withdraw demurrers and to answer on payment of said costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Orders reversed, with ten dollars costs and disbursements, and motions granted, with ten dollars costs, with leave to defendants to withdraw demurrers and to answer on payment of said costs.

---

JOHN HOLLAND, Respondent, *v.* ERNEST M. TURNER, Appellant.

First Department, November 7, 1919.

Negligence — contributory negligence — choosing unsafe place to pass through building in process of repair when safe place is available — duty of person repairing building to apprehend that others will pass over floors made unsafe in course of repair — duty of person in going through building in course of repair to exercise reasonable care.

Where in an action for negligence it appeared that the defendant, who was under a contract to change the stairs in a building, removed the flooring on the second floor near the head of the stairs and took out some crosspieces that were between the joists to keep them upright, thereby making that place unsafe to walk over, but that there was abundant room immediately adjoining the open space by which the stairs could be reached, the plaintiff, a plumber engaged in doing repair work in the same building and familiar with the work done by the defendant, is guilty of contributory negligence if, instead of going around the open space and across the safe floorway to reach the head of the stairs, he started to walk on the joists across the open space and one of them gave way causing him to fall and receive the injuries for which he sues.

A person engaged in repairing a building is not bound to apprehend that others will attempt to walk over a place made unsafe by process of repair, when there is another perfectly safe way.

Where a person walking through a building in course of repair shows an utter disregard of the precaution which a reasonable man would have taken to avoid danger, he is guilty of contributory negligence.

APPEAL by the defendant, Ernest M. Turner, from a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of New York on the 11th day of July, 1918, upon the verdict of a jury for $5,750, and also from an order entered in said clerk's office on the 20th day of July, 1918, denying defendant's motion for a new trial made upon the minutes.