Flora MacDonald White, Appellant, v. Henry B. Slayback and Others, Respondents.

First Department, December 19, 1919.

Pleading — demurrer to complaint stating two causes of action — when theory of complaint immaterial on demurrer — complaint stating causes of action for sale of securities without notice or demand for margin.

Where a complaint states two separate causes of action and the defendant demurs to the complaint as a whole and not to the separate causes of action the demurrer must fail if either of the two causes be properly alleged.

It is immaterial upon a demurrer to a complaint whether it states a cause of action for conversion, or upon an implied contract arising out of a conversion, the tort being waived.

A complaint founded upon a breach of an agreement by the defendant not to sell stocks held as security for the plaintiff's margin account without due demand on the plaintiff for margin and without giving notice of the time and place of sale is not insufficient as against a demurrer because it fails to state that the defendants sold the stock for failure of margin for the latter fact appears by fair implication of the pleading and, moreover, while a broker may be authorized to pledge the stock of his customers he is not authorized without express authority to sell the same and hence the sale of the plaintiff's stock without a proper demand for margin was a conversion whether or not the sale was for failure of margin.

A second cause of action which, in addition to the allegations aforesaid, sets out that the sale of the plaintiff's stock by the defendants was made without notifying the plaintiff of the amount of margin required and on less than twenty-four hours' notice of the intention to sell and without giving

the plaintiff notice of the place of sale also states a cause of action, as the defendants had no right to sell the stock without a demand for margin which demand must be specific and state the amount of money required.

Moreover, if any reason existed relieving the defendants of the necessity of specifying particularly the amount of margin necessary that would be for them to prove.

*It seems,* that if the customer refused to put up any further margin it would not be necessary for the broker to state the specific amount required.

MOTION for reargument of an appeal by the plaintiff, Flora MacDonald White, from two orders of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of April, 1919, denying plaintiff's separate motions for judgment on the pleadings, consisting of the amended complaint and demurrers thereto.

*Abraham Freedman* of counsel [*Goldman & Unger,* attorneys], for the appellant.

*Richard J. Cronan* of counsel [*Francis X. Brosnan,* attorney], for the respondent Quentin F. Feitner.

*Ernest J. Ellenwood* of counsel [*Coleman, Stern & Gotthold,* attorneys], for the respondents Slayback and Coyne.

SMITH, J.:

There were two orders at Special Term upon the application of the two defendants for judgment upon the pleadings which consisted of the complaint and a demurrer upon the ground that the complaint did not state a cause of action. Inasmuch as the defendants demurred to the complaint as a whole and not to the separate causes of action stated, the demurrer must fail if either one of the two causes of action be properly alleged.

This court in its opinion (189 App. Div. 564) stated that the action was one in conversion. This was not strictly accurate. The action is upon an implied contract arising out of a claimed conversion, the plaintiff having waived the tort in her complaint. The distinction, however, is wholly irrelevant as to the question raised as to the sufficiency of the complaint and is only important as to future proceedings that may be taken in the case.

It is claimed in respect of the first cause of action that the court overlooked the fact that in the agreement alleged between the plaintiff and the defendants it was stated that the defendants would not sell the stock *for failure of margin,* without making due demand on the plaintiff for margin and without giving the plaintiff notice of the time and place of sale. It was further alleged that the plaintiff's stock was sold without notifying the plaintiff of the amount of margin required, and without giving the plaintiff due notice of the place of sale. The contention of the defendants then is that the complaint fails to state a cause of action, for failure to state that the stock was sold for failure of margin, in which case only it is claimed that the conditions of sale could apply. To this it may be answered first, that a fair implication from the complaint is that the sale was made for failure of margin, and it is rather hypercritical to claim the complaint defective for the failure to so allege in precise terms. It may be further answered, however, that while a broker may be authorized to pledge the stocks of his customers, he is not authorized, without express authority to sell those stocks. In *Lawrence v. Maxwell* (53 N. Y. 19) it is held: " An authority in the pledgee to sell the pledge is inconsistent with the contract of bailment, and a custom or usage will not avail thus to vary the terms of the agreement." So that the sale of the stock belonging to the plaintiff which had been put up as security for the plaintiff's account constitutes, in this case, there having been no proper demand for margin, a conversion, whether or not the sale be for failure of margin. (*Mayer v. Monzo,* 221 N. Y. 442.)

As to the second cause of action the plaintiff has realleged the matters alleged in the first paragraph of the first cause of action, to wit, the allegation setting forth the partnership of the defendants, and has alleged a sale by the defendants of certain stocks held by them as security for the plaintiff's account. This allegation of a sale is an allegation of a sale without notifying the plaintiff of the amount of margin required and on less than twenty-four hours' notice to plaintiff of their intention to sell such stock and without giving the plaintiff notice of the place of sale. The defendants clearly had no right to sell this stock without a demand for margin, and it

has been held that that demand must be specific and state the amount of money required. In *Boyle* v. *Henning* (121 Fed. Rep. 376) the rule is stated: " No demand made by a broker on his customer for margins is specific, unless it mentions a particular sum of money, or unless it states facts from which a particular amount of money may be certainly ascertained." Of course, if the customer refuses to put up *any* further margin, it would not be necessary for the broker to state the specific amount required. But an allegation of a sale by a broker of stock held as security for a marginal account, whether or not it was sold for failure of margin, states a cause of action, where it is alleged that the amount of margin was not named. If any reason existed relieving the defendants of the necessity of specifying particularly the amount of the margin necessary, that would be for the defendants to prove.

The motion for reargument should, therefore, be denied, also the alternative motion for leave to appeal to the Court of Appeals is denied.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Motion denied, with ten dollars costs, and stay vacated.