CHARLES L. EIDLITZ, as Assignee for the Benefit of Creditors of KERESEY RYAN CORPORATION, Appellant, *v.* FISCHBACH & MOORE, INC., Respondent.

First Department, December 8, 1933.

*Maxwell Berman,* for the appellant.

*Max Rothenberg,* for the respondent.

UNTERMYER, J. In my opinion the order should be reversed and the motion denied upon the ground last stated in the opinion of Mr. Justice O'MALLEY. I think a fair construction of the agreement annexed to the complaint requires the expenses incurred by the plaintiff in procuring the four assigned contracts to be repaid only if the execution of these contracts results in a surplus " over and above the cost of installation and field expenses incurred " by the defendant, together with a five per cent charge for overhead, as provided in paragraph " seventh " of the agreement. Neither

in paragraph " sixth " nor elsewhere does the defendant unconditionally agree to pay the expenses previously incurred by the plaintiff. It agrees to pay these " before any division of the profits is made " and not otherwise. The intention of the parties, as expressed by their agreement, was that the defendant should first repay itself the cost of performing the assigned contracts, including field expenses and overhead, that if any surplus remained the plaintiff should then, but then only, be repaid its previous expenditures and that any excess thereafter remaining should be divided as profit. Until the work under the four contracts, amounting to $835,000, has been completed it cannot be known whether there will be profits or losses. If the second cause of action is allowed to be maintained now, the defendant must pay these expenses even though eventually subjected to a loss in the execution of the contracts. If the parties had intended this result they would surely have provided that the defendant should pay these expenditures in any event. It appears to me that, without ambiguity, they have provided to the contrary in the written contract annexed to the complaint and that parol evidence of their intentions would, therefore, be inadmissible at the trial.

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the motion denied with leave to the defendant to answer within twenty days after service of order, upon payment of said costs.

FINCH, P. J., and MERRELL, J., concur.

O'MALLEY, J. We are here concerned with the sufficiency of plaintiff's second cause of action. It has been dismissed without prejudice upon the ground that it has been prematurely brought. Our conclusion is that the action is presently maintainable.

The Keresey Ryan Corporation (hereinafter referred to as Keresey), plaintiff's assignor, had contracts for electrical work to be performed for the board of transportation of the city of New York and for the Federal government on buildings in Washington, D. C. Being unable to proceed with the work called for by the contracts because of financial embarrassment, Keresey, on September 13, 1932, assigned to the defendant. Thereafter, on November 18, 1932, an assignment for the benefit of its creditors was made by Keresey to the plaintiff.

When the defendant took over the contracts, Keresey had already made expenditures and incurred disbursements in the sum of $8,053.96. Plaintiff contends that the agreement between Keresey and the defendant imposed upon the latter the obligation of paying for these disbursements at this time; the defendant, that

payment of this sum was upon condition that profits accrue from performance of the contracts, and must, therefore, await their completion. The issue presented is to be determined by construing pertinent provisions of the agreement of assignment.

In substance, the agreement provides that the defendant was to operate and complete the contracts and was to retain as costs out of receipts from each, five per cent of the actual installation and field costs incurred. In the event the defendant sustained loss in connection with one group of contracts, such loss was to be charged as an expense or cost against the other group in computing profits, if any, on such other contracts. The agreement further provided for the distribution of profits within ten days after receipt of final payment on the contracts; and in the event of no loss on any of the contracts, the profits, if any, should be distributed within ten days after the receipt by the defendant of such final payment.

A further provision was to the effect that if there was loss sustained on either of the contracts, such was to be charged against any other contract and no distribution of profits should be made until the completion of the Washington contracts. The profits referred to in the agreement were to be divided fifty per cent to Keresey and fifty per cent to the defendant.

The items sued for in the second cause of action are referred to in paragraph VI of the assignment agreement, which provides:

" VI. It is further understood and agreed that the party of the first part [Keresey] has incurred certain disbursements, expenses and costs in connection with the said four contracts and/or subcontracts. A certified copy of such disbursements, expenses, costs and/or accounts payable of the party of the first part is hereunto attached and made a part hereof, and the party of the second part shall pay such sum or sums to the party of the first part before any division of the profits is made, as hereinbefore set forth."

Paragraph VII of the assignment agreement defines the word " profit " to be such sums as may be received on each contract by the defendant over and above cost of installation and field expenses, in addition to five per cent of said cost for overhead " and plus disbursements, expenses and costs incurred by the party of the first part in connection therewith."

The plaintiff contends that under the provisions of paragraph VI it is entitled to payment of the disbursements and expenses in question before any division of profits; the defendant, that when paragraph VI is construed in connection with paragraph VII, wherein the word " profit " is defined, it is entitled to hold such sum until completion of the work and final computation of profits.

If the latter construction is justified, then the plaintiff would not be entitled to recover these expenditures and disbursements unless final completion of the contracts discloses a profit. The contract, of course, must be considered in its entirety and the surrounding circumstances and the purpose of the parties taken into consideration, and a construction that would place one party at the mercy of the other avoided if possible. (*Fleischman* v. *Furgueson,* 223 N. Y. 235; *Simon* v. *Etgen,* 213 id. 589; *Koles* v. *Borough Park Co.,* 142 App. Div. 765.) Moreover, we are concerned with a question of pleading merely and the complaint is entitled to every fair intendment.

Upon a full adducement of the facts and surrounding circumstances it may be found that it was the intention of the parties when the contracts were assigned for a promised consideration of one-half of the prospective profits, Keresey was to be made whole and the expense was to be borne by the defendant assignee; and it was for this reason that paragraph VI, with paragraph V relating to payment, provided that disbursements, expenses and costs already incurred were to be paid to Keresey " before any division of profits."

It may be found that the disbursements, expenses and costs already incurred were again referred to in paragraph VII to obviate a possible contention on the part of Keresey that they could not be properly chargeable by the defendant, on the theory that they were not disbursements, expenses and costs incurred by it in connection with the contract. We, therefore, leave the final construction of the agreement between the parties to a full adducement of the facts and surrounding circumstances attendant upon its execution.

As under our construction of the agreement, plaintiff's right to immediate payment of the amount in question might be maintainable, the second cause of action may not at this stage of the action be deemed premature.

A further and procedural reason leads to the same result. Defendant's notice of motion was made generally and was not specifically directed to each cause of action pleaded. There is no distinction in principle or in practice between the old demurrer and a motion addressed to the pleadings. (*Ansorge* v. *Kane,* 244 N. Y. 395.) If, therefore, a general notice of motion is addressed to a pleading which contains more than one cause of action, the sufficiency of any one will defeat the motion in its entirety. (*Hale* v. *Omaha National Bank,* 49 N. Y. 626; *White* v. *Slayback,* 190 App. Div. 108.)

It follows, therefore, that the order so far as appealed from should be reversed, with twenty dollars costs and disbursements,

and the motion denied, with leave to the defendant to answer within twenty days after service of order, upon payments of said costs.

MARTIN, J., concurs.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, and motion in all respects denied, with leave to defendant to answer within twenty days from service of order upon payment of said costs.