Morris Caesar, Appellant, v. H. S. Chardavoyne, Inc., Respondent.— Appeal from order of Appellate Term unanimously reversing the judgment of the Municipal Court of the City of New York, Borough of Brooklyn, in favor of plaintiff in an action for money had and received by defendant on account of subscriptions to stock. Order of reversal of Appellate Term unanimously affirmed, without costs. We are of opinion that the sections of the Labor Law which appellant invokes (§§ 195–197, inclusive) are without application. While it may be held that the defendant's conduct in procuring these subscriptions and payments constituted duress in that plaintiff subscribed under a threat to discharge him if he did not subscribe, and was moreover tinged with fraud in the implication that if he did so he would be permitted to continue the employment indefinitely, especially in view of the fact that the amounts contracted to be paid appear to be grossly in excess of the market value of the stock, nevertheless, the contract, although made at the instance of the defendant, was not with it and the sellers were not joined as parties defendant. The duress, therefore, cannot result in avoidance of the contract, and there was, moreover, no showing of damage, assuming the action to have been based on tort. The affirmance is without prejudice to the right of the appellant to commence a new and proper action if so advised. Lazansky, P. J., Hagarty, Scudder and Tompkins, JJ., concur; Carswell, J., votes to affirm on the merits.

Harry Christian, Respondent, v. Ramapo Auto Sales Co., Inc., Appellant.— Plaintiff's automobile was damaged by fire while partly within defendant's public garage. Appeal by defendant from a judgment in plaintiff's favor. Judgment of the County Court of Rockland county reversed on the law, with costs, and the complaint dismissed, with costs, upon the ground that actionable negligence was not established. Lazansky, P. J., Carswell, Tompkins and Johnston, JJ., concur; Young, J., dissents upon the ground that the spilling of the gasoline was a concurrent proximate cause of the fire.

Wilfred Clark, Respondent, v. William J. Clark, Appellant.— Order granting plaintiff's motion to set aside a stipulation of settlement and restore the case to the trial calendar affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

Florence L. Cochran, Respondent, v. The Mount Vernon Trust Company, Appellant.— While we are of the opinion that the first, second and fourth causes of action are insufficient, as defendant moved by a general notice of motion to dismiss the complaint in its entirety, the sufficiency of the third cause of action justified the denial of the motion. (Eidlitz v. Fishbach & Moore, Inc., 239 App. Div. 483; White v. Slayback, 190 id. 108.) Order affirmed, with ten dollars costs and disbursements, with leave to answer within ten days from the entry of the order herein. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

Commissioner of Public Welfare of the City of New York, on the Complaint of Ruth Paulsen, Respondent, v. Jack Fitzgerald, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Richmond, reversed on the law and the facts, and proceeding dismissed. In the circumstances disclosed by the record now before the court, the evidence offered in behalf of the complaining witness may not be accepted. Lazansky, P. J., Young, Carswell and Johnston, JJ., concur; Tompkins, J., dissents and votes to affirm.