Vɪᴛᴀ M. Bᴜʀɴs et al., Copartners Doing Business under the Name of Bᴜʀɴs Mᴀɴᴜғᴀᴄᴛᴜʀɪɴɢ Co., Plaintiffs, *v.* Kᴀᴛʜᴇʀɪɴᴇ N. Hᴀʏᴇs et al., Individually and as Copartners Doing Business under the Name of Kᴀʏʟᴀɴ Cᴜᴛʟᴇʀʏ Cᴏᴍᴘᴀɴʏ, Defendants.

Supreme Court, Special Term, Onondaga County, April 2, 1947.

*Bond, Schoeneck & King* for defendants.

*Smith, Sovik, Levine & Richardson* for plaintiffs.

SEARL, J. Defendants move to dismiss the complaint on the ground that the complaint and its allegations fail to state facts sufficient to constitute a cause or causes of action. (Rules Civ. Prac., rule 106.)

There are three alleged causes of action. The first alleges that the plaintiffs are successors in interest of a business formerly conducted by Joseph E. Burns, now deceased; that the latter developed, in 1922, a secret process for efficiently serrating knives, edged tools and cutting blades; that this development followed the granting to him of United States letters patent covering a method of producing a serrated edge.

The complaint then alleges that in 1926 Joseph E. Burns imparted to defendant, Katherine B. Hayes, in confidence, knowledge of a secret process used in connection with the work aforesaid, and that this defendant promised to use such secret process solely in the business and for the benefit of Joseph E. Burns and the plaintiffs, not to reveal such process to others. It is then set forth that this defendant continued in the service of the plaintiffs as manager after the death of Joseph E. Burns; that she formed, at the same time, a partnership with other defendants to unlawfully use the secrets thus acquired; that she conspired with others to deprive plaintiffs of their customers and maliciously used plaintiffs' equipment to build up a compet-

ing business. Irreparable damage is claimed unless injunctive relief is granted.

As and for a second cause of action, plaintiffs allege that for many years, together with Joseph E. Burns, they maintained a certain room in the Palmer House, in the City of Chicago, an exhibit, during the annual exhibition conducted by the Housewares Manufacturers Association. It is further alleged that for the purpose of illegally and unlawfully diverting customers of plaintiffs to defendants, the latter, while defendant Katherine N. Hayes was in the employ of plaintiffs, engaged the same room space formerly occupied by plaintiffs and diverted business naturally coming to the plaintiffs by deceiving customers into the belief that defendants were successors of plaintiffs. Plaintiffs seek to restrain defendants from continuing this practice.

The third cause of action alleges that said Katherine N. Hayes, while in the employ of plaintiffs, entered into a conspiracy with one Arthur M. Newhouse, a salesman of plaintiffs, to illegally and unlawfully pay out of plaintiffs' funds certain sums of money to this salesman for sales that actually had not been made, and that Katherine N. Hayes altered and forged plaintiffs' books for this purpose.

If any one of these three alleged causes of action is good, this motion must be denied, the complaint being attacked as a whole. (*Reese* v. *Associated Indemnity Corp.*, 266 App. Div. 862; *Eidlitz* v. *Fischbach & Moore, Inc.*, 239 App. Div. 483; *Di Raimondo* v. *Lembo*, 63 N. Y. S. 2d 906.) Such misleading of the public, plaintiffs claim constitutes unfair competition. If facts can be furnished to substantiate such an allegation, injunctive relief may be sought. (*Tiffany & Co.* v. *Tiffany Productions, Inc.*, 262 N. Y. 482, affg. 237 App. Div. 801, affg. 147 Misc. 679.)

The second objection urged by defendants is that, if Joseph E. Burns and the plaintiffs obtained materials and equipment from persons to whom secret specifications for manufacture had been given in confidence, as alleged in the complaint, then there was nothing that remained secret. Plaintiff argues, in turn, that secret specifications are not secret processes, such as were revealed to defendants. In view of this claimed differentiation, plaintiffs' contention must be accepted until at least proof is offered.

Judge HUBBS (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430, 432–433) has expressed the rule: "Upon a motion to dismiss a complaint upon the ground that it does not state facts sufficient to constitute a cause of action ' every intendment and fair inference is in favor of the pleading.' (*Madole* **v.** *Gavin,*

215 App. Div. 299; *Marie* v. *Garrison,* 83 N. Y. 14, 23.) If in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied.''

The third objection is directed to the argument that there was no limitation as to time or territory that could properly restrict defendant Katherine N. Hayes in the manufacture of similar articles—that such restriction would stifle competition. The answer is to be found by proof of facts as to whether the information acquired by this defendant was, or was not, a secret. Plaintiffs' complaint terms it such. Judge POUND has defined the word '' secret '', thus: '' A secret is nothing more than a private matter; something known only to one or a few and kept from others. * * * Employees may not gain knowledge of a secret and avail themselves of it for their private advantage against their employer. But there is no betrayal of confidence when no secret is imparted.'' (*Kaumagraph Co.* v. *Stampagraph Co.,* 235 N. Y. 1, 7–8.)

A fourth objection is directed to the fact that the complaint does not allege conditions required by section 876-a of the Civil Practice Act. The section is entitled '' Injunctions issued in labor disputes.'' Subdivision 5 of the section provides that '' No injunctive relief shall be granted except to prohibit such specific act or acts as may be expressly complained of in the complaint and the bill of particulars filed in such case * * * .'' Paragraph (c) of subdivision 10 defines labor dispute: '' (c) The term ' labor dispute' includes any controversy concerning terms or conditions of employment * * * .'' This same question was raised in *Holland Furnace Co.* v. *Beers* (177 Misc. 29). The facts in the cited case are somewhat similar to those in the instant action. Defendant denied having received secret information while formerly in plaintiffs' employ. An injunction restrained defendant from disclosing names and addresses of customers, or soliciting business from former customers of the plaintiff. The court expressed the view (p. 31) that '' to hold that the situation existing between the plaintiff and this defendant involved a ' labor dispute ' within the meaning of the section would be an absurdity, which by no means could have been contemplated by the Legislature.''

For aforesaid reasons the motion to dismiss plaintiffs' complaint is denied.