FOURTH DEPARTMENT, MARCH, 1954.

(March 3, 1954.)

CARROLL EAST, Appellant, *v.* ENDICOTT FORGING & MFG. CO., INC., Respondent.

*Per Curiam.* We agree with the Special Term that the complaint does not state a cause of action for reformation. (*Curtis* v. *Albee,* 167 N. Y. 360; *City of New York* v. *Pennsylvania R. R. Co.,* 281 App. Div. 27, affd. 305 N. Y. 788.) Nor does the pleading entitle plaintiff to an accounting. (*Uhlman* v. *New York Life Ins. Co.,* 109 N. Y. 421; *Niehaus* v. *Niehaus,* 141 App. Div. 251; *Marvin* v. *Brooks,* 94 N. Y. 71.)

However, paragraph twenty-four of the complaint alleges that " the defendant arbitrarily and unreasonably failed, neglected or refused to make shipment under orders received and accepted by it from the plaintiff's said territory prior to December 3, 1951, within 60 days thereafter, with the intent and purpose of depriving the plaintiff of the commissions to which he was and is entitled under such orders." That allegation states a good cause of action. In *Advance Music Corp.* v. *American Tobacco Co.* (296 N. Y. 79, 84), it was said : " Whether the present complaint states any other separate cause of action we need not decide. For the motion of the defendants demands a dismissal of the entire pleading and must be denied under the rule that a demurrer to a declaration containing several counts should be overruled if any count is good. (*Hale* v. *Omaha National Bank,* 49 N. Y. 626; *Wheeler* v. *Connecticut Mut. Life Ins. Co.,* 82 N. Y. 543. See *Eidlitz* v. *Fischbach & Moore, Inc.,* 239 App. Div. 483, 486.) Nor need we decide anything in respect of the nature of the judgment to which the plaintiff may be entitled. It is enough that the above second cause of action states a case for relief either at law or in equity."

In *Eidlitz* v. *Fischbach & Moore* (239 App. Div. 483, 486), it was stated : " Defendant's notice of motion was made generally and was not specifically directed to each cause of action pleaded. * * * If, therefore, a general notice of motion is addressed to a pleading which contains more than one cause of action, the sufficiency of any one will defeat the motion in its entirety."

*Terner* v. *Glickstein & Terner* (283 N. Y. 299), relied on by the Special Term, is not to the contrary for there it was said: "The motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action was made on the sole ground that, upon the face of the complaint, it appears that plaintiff has an adequate remedy at law." (P. 301.)

Here the motion was made under rule 112 of the Rules of Civil Practice and as we find a good cause of action stated in paragraph twenty-four the complaint, the judgment and order appealed from should be reversed and the motion denied.

All concur. Present — Vaughan, Kimball, Piper and Wheeler, JJ.

Judgment and order reversed on the law, with costs, and motion denied. with $10 costs. [See *post,* p. 853.]