## THIRD DEPARTMENT, JUNE, 1958

## (June 5, 1958)

■ HERMAN CANTER, Respondent, v. AMERICAN CYANAMID COMPANY, Appellant, et al., Defendants.— The motion to resettle the decision of this court, handed down April 28, 1958 (5 A D 2d 513) is granted, and the resettled order shall provide as follows: Order modified so as to provide (1) that plaintiff give reasonable notice of the time and place of the tests and analyses to be made on plaintiff's behalf to defendant, American Cyanamid Company, which shall be permitted to observe any and all such tests and analyses, and (2) that plaintiff deliver to said defendant, upon its request, copies of the reports of all tests and analyses of vaccine made by or on behalf of plaintiff, provided, however, that said defendant deliver to plaintiff copies of the reports of all tests and analyses made by it, or on its behalf, for the purposes of this action and copies of the reports of any other tests or analyses as to which it will offer proof on the trial; and, as so modified, affirmed, without costs. Order resettled. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.

■ TRIANGLE PUBLICATIONS, INC., Respondent, v. ARTHUR M. FERRARE, as President of Local Union No. 26 of the National Association of Broadcast Employees and Technicians, AFL–CIO, et al., Appellants.— Appeal from an order of the Broome County Special Term denying defendants-appellants' motion to dismiss plaintiff-respondent's complaint in an action for a permanent injunction and damages. Respondent corporation, owner-operator of a radio and television station in Binghamton, New York, seeks damages for and an injunction against the following acts of defendant individuals and labor unions: (a). Appealing to members, both unions and individuals, of Binghamton Central Labor Union, to the general public and to various individuals, corporations, partnerships and associations not to do business with plaintiff's sponsors and advertisers, some of the appeals being accompanied by untrue accounts of the disputes between the parties; (b). Interfering with the relationship between the sponsors and their customers by monopolizing telephone lines of the sponsors; and (c). Threatening sponsors with ruin of their business (presumably through the acts above mentioned) if they continue to advertise or sponsor programs on plaintiff's stations. It is the opinion of this court that the court below has jurisdiction to enjoin and give damages for the monopolization of plaintiff's sponsors' telephone lines. It is probable that jurisdiction to enjoin and give damages for some types of false appeals has likewise not been pre-empted by the Taft-Hartley Act. Since defendants-appellants move to dismiss the entire complaint, the complaint must stand as long as one cause of action therein alleged is valid. (*Imperatrice* v. *Imperatrice*, 298 N. Y. 549; *Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79; *Kaufman* v. *Farah*, 281 App. Div. 48; *Interstate Operating Co.* v. *O. P. G. Recreation Center*, 279 App. Div. 753; *Helm* v. *Maryland Cas. Co.*, 273 App. Div. 800; *Laster* v. *Solotaroff*, 273 App. Div. 32; *Pansmith* v. *Island Park*, 271 App. Div. 841; *Sullivan* v. *Sullivan*, 271 App. Div. 1016; *Adreance* v. *Lorentzen*, 269 App. Div. 987; *Halstead* v. *General Ry. Signal Co.*, 268 App. Div. 1060; *Fusco* v. *Brooks*, 263 App. Div. 845; *Cochran* v. *Mount Vernon Trust Co.*, 245 App. Div. 724; *Eidlitz* v. *Fischbach & Moore*, 239 App. Div. 483.) Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.

■ ANTONIO P. SIRACO et al., Appellants, v. VILLAGE OF WHITEHALL, Respondent.— Motion for permission to appeal to the Court of Appeals denied, without costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.