JULIUS J. POPPER, Respondent, *v.* DANIEL KORN and Another, Appellants.

Second Department, December 3, 1926.

Brokers — real estate brokers — action for commissions — complaint is not sufficient which alleges merely that plaintiff " interested " persons who subsequently purchased — no cause of action against broker who made sale is stated — cause of action against both defendants for conspiracy and fraud should have been separately stated and numbered — allegations of complaint do not show cause of action based on conspiracy and fraud.

The complaint, in an action by a real estate broker to recover commissions alleged to have been earned in the sale of real property, is not sufficient, which alleges merely that the plaintiff " interested " the persons who subsequently purchased the premises.

The complaint does not allege any cause of action against the broker who actually made the sale, and, in fact, alleges that said broker actually assisted the plaintiff.

A cause of action on the theory of conspiracy and fraud against both defendants is a separate cause of action and should be separately stated and numbered.

However, the complaint does not state facts sufficient to constitute a cause of action for fraud and conspiracy, for, although the broker selling the property received the commissions with knowledge that the plaintiff was entitled thereto, that fact alone does not show a cause of action in the absence of any allegation that the plaintiff was damaged. If the owner paid the commissions to the wrong broker, the plaintiff's right to recover his commissions is not affected by that payment.

SEPARATE appeals by the defendants, Daniel Korn and another, from two orders of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 12th day of March, 1926, denying their motions to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action, or, in the alternative, for an order requiring plaintiff to separately state and number the causes of action set forth in the complaint.

*Albert M. Lee* and *Julian D. Rosenberg* [*Henry Woog* with them on the brief], for the appellants.

*Max L. Schallek,* for the respondent.

KELLY, P. J.    We think the complaint fails to allege that plaintiff performed the service which he alleges he was employed by defendant Korn to perform, viz., to procure a purchaser for Korn's premises. The allegation that he " interested " the parties who subsequently purchased the premises, in said premises, is not an allegation that he was the procuring cause of the sale, but is consistent with a sale through some other broker, plaintiff's services being merely to expedite or further the transaction.    No cause of action for broker's

33

commissions is alleged against the defendant Marx. In fact plaintiff, for some reason, alleges that defendant Marx assisted him, plaintiff, in the services which he alleges he performed.

The cause of action based upon conspiracy and fraud on the part of defendants to deprive plaintiff of his commissions is entirely separate from the cause of action for commissions, and should in any event be separately stated. But again, no cause of action for fraud or conspiracy is alleged. Plaintiff says that defendant Korn, who employed him, has paid the commissions to defendant Marx, knowing that plaintiff was entitled to such commissions, and that Marx received the money with like knowledge. But there is no allegation that plaintiff has been damaged in any way by such payment; there is no allegation that defendant Korn is insolvent or unable to pay his debts. If he has paid commissions to the wrong broker, the plaintiff's right to recover commissions is not affected in any way by such payment.

The orders denying defendants' motions for judgment on the pleadings upon the ground that the complaint fails to state a cause of action against the defendants, or, in the alternative, to compel a separate statement of the causes of action alleged in the complaint, should be reversed upon the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

JAYCOX, YOUNG, KAPPER and LAZANSKY, JJ., concur.

Orders denying defendants' motion for judgment on the pleadings on the ground that the complaint fails to state a cause of action against defendants, or, in the alternative, to compel a separate statement of the causes of action alleged in the complaint, reversed upon the law, with ten dollars costs and disbursements, and motions to dismiss the complaint granted, with ten dollars costs, with leave to plaintiff to plead over within twenty days from the entry of the order herein upon payment of costs. Settle order on notice.