HENRY HORNSTEIN, Respondent, *v.* KOPEL PODWITZ et al., Defendants, and MEYER MERSEL et al., Appellants.

(Argued October 9, 1930; decided November 18, 1930.)

*Thomas A. McKennell, Aaron Goody* and *Joseph L. Lefkowitz* for appellants. The Appellate Division erred in holding that its prior decisions as to the sufficiency of the complaint, although overruled by this court in another action, constituted the law of the case which the trial court was bound to follow. (*Matthews* v. *Matthews*, 154 N. Y. 288; *Mechanics' & Traders' Bank* v. *Dakin*, 8 Hun, 431; *Board of Supervisors* v. *Foote*, 9 Hun, 527; *Brennan* v. *Mayor*, 1 Hun, 315; 62 N. Y. 365; *Rickerson* v. *German American Ins. Co.*, 6 App. Div. 550; *Trombley & Carrier Co.* v. *Seligman*, 133 App. Div. 525.) The Court of Appeals is not precluded from passing upon the sufficiency of the complaint inasmuch as the intermediate orders of the Appellate Division are before it for review. (*McCargo* v. *Jergens*, 206 N. Y. 363; *Ansorge* v. *Kane*, 244 N. Y. 395; *Vogeler* v. *Alwyn Improvement Corp.*, 247 N. Y. 131.) The only overt act which is alleged to have been committed in pursuance of the conspiracy was not an unlawful act and is not only not shown to have actually occasioned any damage to respondent but is affirmatively shown to have caused no damage. (*Dulury* v. *Rezinas*, 183 App. Div. 456; 229 N. Y. 513; *Beardsley* v. *Kilmer*, 200 App. Div. 378; 236 N. Y. 80; *Carroll Building Corp.* v. *Greenberg Plumbing Supplies, Inc.*, 216 App. Div. 270; *Marshall* v. *Thompson Feature Service, Inc.*, 216 App. Div. 428; *Peabody, Jr., & Co.* v. *Travelers Ins. Co.*, 240 N. Y. 511; *Cohen* v. *Fisher*, 135 App. Div. 238; *Prospect Park R. R. Co.* v. *Morey*, 155 App. Div. 347; *Von Au* v. *Magen-*

*heimer,* 126 App. Div. 257; 196 N. Y. 510; Cooley on Torts [3d ed.], vol. 2, p. 1506; *Auburn & C. Plank Road Co.* v. *Douglass,* 9 N. Y. 444; *Pickard* v. *Collins,* 23 Barb. 444; *Morris* v. *Tuthill,* 72 N. Y. 575; *Kiff* v. *Youmans,* 86 N. Y. 329.) The complaint, before amendment, disclosed that no damage had been or could be suffered by respondent as the result of interference. (*Posner Co.* v. *Jackson,* 223 N. Y. 325; *Lamb* v. *Cheney & Son,* 227 N. Y. 418; *Campbell* v. *Gates,* 236 N. Y. 457; *De Jong* v. *Behrman,* 148 App. Div. 37; *Turner* v. *Fulcher,* 165 N. Y. Supp. 282; *Daly* v. *Cornwell,* 34 App. Div. 27; *Ashley* v. *Dixon,* 148 N. Y. 430; *Guida* v. *Pontrelli,* 114 Misc. Rep. 181; *Lasky Feature Play, Inc.,* v. *Fox,* 93 Misc. Rep. 364.)

*Abraham Hornstein* and *George D. Hornstein* for respondent. The first order of the Appellate Division establishes the law of the case and precludes the Court of Appeals from passing upon the sufficiency of the complaint. (*Western Mfg. & Oil Co.* v. *American Spirits Mfg. Co.,* 187 App. Div. 230; *Fortenberry* v. *Frazier,* 5 Ark. 200; *Matter of Sanford Fork & Tool Co.,* 160 U. S. 247; *Bissell Carpet-Sweeper Co.* v. *Goshen Sweeper Co.,* 72 Fed. Rep. 545; *Gohman* v. *City of St. Bernard,* 111 Ohio St. 726; *Gaines* v. *Rugg,* 148 U. S. 228; *Price* v. *Price's Admr.,* 23 Ala. 609; *Miller Lumber Co.* v. *Floyd,* 169 Ark. 473; 273 U. S. 672; *Western Union Tel. Co.* v. *Furlow,* 129 Ark. 116; *United States Annuity & Life Ins. Co.* v. *Peak,* 129 Ark. 43; *Lewis* v. *Jones,* 97 Ark. 147; *St. Louis, Iron Mt. & So. Ry. Co.* v. *York,* 92 Ark. 554.) The complaint states a cause of action against the individual defendants on the theory that they intentionally and knowingly and without reasonable justification or excuse induced a breach of contract resulting in profit to themselves and damage to the plaintiff. (*Deming* v. *Hill,* 251 N. Y. 573; *Weinberg* v. *Irwinessie Holding Corp.,* 225 App. Div. 241; *Popper* v. *Korn,* 218 App. Div. 513; *Pickle* v. *Page,* 225 App. Div. 454; 252 N. Y. 474; *Campbell* v. *Gates,* 236 N. Y. 457; *Gonzales* v. *Kentucky Derby Co.,* 197 App. Div. 277; 233 N. Y. 607; *Lamb* v. *Cheney*

& Son, 227 N. Y. 418; *Posner Co.* v. *Jackson*, 223 N. Y. 325.) The power to sue one's co-contractor for the breach of contract does not bar recovery from those who have maliciously induced the breach of contract. (*McDonald* v. *Hewett*, 15 Johns. 349; *Mettel* v. *Gales*, 12 S. D. 632; *Reed* v. *Schon*, 2 Cal. App. 55; *Campbell* v. *Gates*, 236 N. Y. 457; *Lamb* v. *Cheney & Son*, 227 N. Y. 418; *Posner Co.* v. *Jackson*, 223 N. Y. 325; *Gonzales* v. *Kentucky Derby Co.*, 197 App. Div. 277; 233 N. Y. 607; *Aldridge* v. *Stuyvesant*, 1 Hall, 210.)

HUBBS, J. The complaint herein stated in proper form, with all necessary allegations, a cause of action against the defendant Hadassah Realty Co., Inc., a domestic corporation, for the recovery of $2,600 commissions due plaintiff, a real estate broker, on the sale of said defendant's real property for $200,000.

It alleges that the plaintiff, acting as a broker, procured the defendants Mersel and Hirschhorn as purchasers and they agreed with the defendant Podwitz, the president of the corporation owner, to purchase the property at the price and on the terms specified by the owner, and a written contract of sale was executed by the parties.

It also alleges:

" *Tenth.* Upon information and belief that the defendants herein conspired together and entered into an agreement wherein and whereby they sought to deprive this plaintiff of the commissions to which he was entitled by reason of such sale and agreed among themselves to withhold from plaintiff the fact that such sale had been made and to deprive plaintiff of the commissions to which he was entitled by reason of such sale, and to distribute among themselves a sum of money in lieu of the commissions, which the plaintiff was entitled to receive on such sale.

" *Eleventh.* Upon information and belief that in pursuance of such agreement defendant, Hadassah Realty Corporation, allowed to said defendants, Mersel and

Hirschhorn, a part of the commissions on the sale of said premises."

It then alleges that the plaintiff has duly demanded from the defendants said sum but no part thereof has been paid.

Upon the trial the complaint was amended to allege: " That the plaintiff has suffered damages by reason of the insolvency of the defendant, Hadassah Realty Co., Inc."

The question for review is whether the complaint as amended states a cause of action against the individual defendants-appellants, Mersel and Hirschhorn.

The argument of the respondent is that the complaint states a cause of action against the individual defendants for unlawfully, intentionally and knowingly and without reasonable justification or excuse, inducing a breach of contract, with profit to themselves and damages to the respondent.

The action for inducing a breach of contract as it now exists is of comparatively modern origin. The action for inducing a servant to breach a contract existed under the early common law in England. Not until the decision in *Lumley* v. *Gye* (2 El. & Bl. 216) in 1853 was it declared to be actionable to " maliciously " procure another to breach a contract for personal service, although the relation of master and servant did not exist. In *Temperton* v. *Russell* (1 Q. B. 715; 62 L. J., Q. B., 412), decided in 1893, the doctrine was extended and made applicable to contracts generally. The courts of this State have accepted the doctrine and extended the law of torts to actions to recover damages for unlawfully inducing the breach of contracts.

The elements necessary to constitute a valid cause of action have been variously stated. In *Lumley* v. *Gye* (*supra*) " malicious " procurement of the breach of contract was treated as the basis of the action and a vindictive spirit or ill will toward the plaintiff was indicated as necessary to establish the cause of action.

In *South Wales Miners' Federation* v. *Glamorgan Coal Co., Ltd.*, ([1905] A. C. 239, 246) it was said: " It is settled

now that malice in the sense of spite or ill-will is not the gist of such an action." And in *Quinn* v. *Leathem* ([1901] A. C. 495, 510) it was stated: " That a violation of legal right committed knowingly is a cause of action, and that it is a violation of legal right to interfere with contractual relations recognised by law if there be no sufficient justification for the interference."

This court has limited the meaning of the word " malicious " as so used. " This [malicious] does not necessarily mean actual malice or ill-will, but the intentional doing of a wrongful act without legal or social justification." (*Campbell* v. *Gates*, 236 N. Y. 457.) That case also decides that one who, having knowledge of an existing valid contract between others, intentionally, knowingly and without reasonable justification or excuse, induces one of the parties to the contract to breach it to the damage of the other party, is liable in an action to recover the damages suffered. The action is predicated on the intentional interference without justification with contractual rights, with knowledge thereof. Such interference constitutes a legal wrong, and if damages result therefrom a valid cause of action exists therefor.

The complaint herein contains, as amended, all of the essential allegations necessary in a complaint to recover damages for wrongfully inducing a breach of contract. It sets forth the contract and the fact that the plaintiff had fully performed, and was entitled to the agreed commissions; that the defendants, with full knowledge thereof, entered into an agreement to deprive the plaintiff of the commissions which he had earned, and to distribute among themselves a sum of money in lieu of the commissions and that, in pursuance of the agreement, the owner allowed to the defendants Mersel and Hirschhorn a part of the sum which it had agreed to pay plaintiff as commissions. By amendment it was alleged that the owner was insolvent and that the plaintiff had been damaged.

The appellant contends that the complaint fails to

state a cause of action because it discloses that the plaintiff had not suffered any damages, as he now has all that he ever had, viz., a cause of action against his principal for the agreed commissions. The appellants have misconceived the basis of the cause of action against them. If they had not induced the principal to breach its contract with the plaintiff, he would have received the commissions which he had earned or had a cause of action on contract therefor against his principal. They committed a legal wrong which gave rise to a cause of action in favor of the plaintiff. The fact that the plaintiff also has a cause of action against his principal for breach of contract does not prevent his having a cause of action in tort against them. They cannot be heard to say that they are not liable for their wrongful act because the owner of the premises is also liable to the plaintiff for his commissions. All of the parties who induced the breach of the contract are jointly and severally liable for the commissions due the plaintiff.

The case of *Posner Co.* v. *Jackson* (223 N. Y. 325) was an action to recover damages on the ground that the defendants had wrongfully induced a servant to breach her contract with the plaintiff. In the opinion it was said: " She [the defendant] is liable at law for the damages occasioned by her failure to perform her contract." It was held that the complaint was good although the servant was also personally liable to the plaintiff for damages growing out of the breach of her contract. The same principle applies in this case.

A recovery was permitted in each of the following cases against parties who had wrongfully induced a breach of contract, although in each case a cause of action for breach of contract existed in favor of the plaintiff against the other party to the contract. (*Lamb* v. *Cheney & Son*, 227 N. Y. 418; *Gonzales* v. *Kentucky Derby Co.*, 197 App. Div. 277; affd., 233 N. Y. 607; *Campbell* v. *Gates*, 236 N. Y. 457; *Motley Green & Co.* v. *Detroit Steel*

& *Spring Co.*, 161 Fed. Rep. 389; *Second Nat. Bank of Toledo* v. *Samuel & Sons, Inc.*, 12 Fed. Rep. [2d] 963; certiorari denied, 273 U. S. 720.)

Many authorities to the same effect are collated in a note in 30 Columbia Law Review, 232, under the title " Damages Recoverable in an Action for Inducing Breach of Contract." In so far as the cases of *Popper* v. *Korn* (218 App. Div. 513) and *Weinberg* v. *Irwinessie Holding Corp.* (225 App. Div. 241) hold to the contrary, they are disapproved.

In affirming the judgment in the case of *Deming* v. *Hill* (251 N. Y. 573, without opinion; reported, without opinion, in 225 App. Div. 815) this court did not hold anything to the contrary. That case was treated as an action to recover damages for a conspiracy and the complaint did not contain any allegation of damages.

While the complaint in this case is inartificially drawn, and is not as clear as it might be, still, when fairly read, it alleges inducement to breach the contract and damages as the result of the breach. The evidence upon the trial establishes the inducement and the damages. The owner was solvent when the plaintiff's contract was made and completed, and insolvent at the time of the trial. We do not agree with the statement in the opinion handed down by the Appellate Division to the effect that the decision of that court on the appeal from the intermediate order, sustaining the sufficiency of the complaint, is binding on this court and prevents it from reviewing such intermediate order of the Appellate Division.

The order of the Appellate Division dated May 25, 1928, reversing the order dismissing the complaint should be affirmed and the appeal from the order of the Appellate Division dated May 10, 1929, dismissed. The judgment of the Appellate Division entered April 21, 1930, should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., dissents.

Ordered accordingly.