Katherine Conrad, Respondent, v. Albert A. Schmitz and Another, Appellants, Impleaded with Armin Wingeier and Others, Defendants.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. Memorandum. The farm lease from plaintiff to Wingeier included a bailment of a herd of cattle and contained this provision: " No grain, hay, straw or corn shall be sold by second party." The rent reserved by the lease was seventy-five dollars a month and this was afterwards reduced by agreement to fifty-one dollars a month. The appellants sold to the tenant feed and fertilizer which were used by the tenant on the farm. On September 12, 1934, to satisfy the tenant's obligation to the appellants arising from the purchase of the feed and fertilizer, Wingeier agreed to deliver to them hay and straw which had been grown upon the farm. The appellants when thus contracting to take the hay and straw had knowledge of the restrictive clause in the lease. The money rental was paid the plaintiff by the tenant in full to October 1, 1934. On October fifteenth the plaintiff and the tenant mutually agreed to a cancellation of the lease and the tenant was dispossessed in a summary proceeding shortly thereafter. Under this lease the plaintiff had at no time title to, or any interest in, the hay and straw. (*Colville* v. *Miles*, 127 N. Y. 159; *Briggs* v. *Austin*, 129 id. 208.) Nor has a cause of action been established for the tort of interference with the performance of a contract. (*Hornstein* v. *Podwitz*, 254 N. Y. 443; *Campbell* v. *Gates*, 236 id. 457.) We have found no case extending the principle applied in the above cited cases to a contract relating to fungible goods. The tenant in this case could fully satisfy all the plaintiff's substantial interests under the lease by supplying other feed for the stock upon the farm. Under such circumstances we find no substantial interference with the plaintiff's contract with the tenant and certainly no unjustifiable interference when the origin of the appellants' claims against the tenant are considered. Further on the facts stated the plaintiff is not shown to have been damaged by any act of the appellants. (30 Columbia Law Review, 232, under the title " Damages

Recoverable in an Action for Inducing Breach of Contract.") There is no proof of any injury to the farm or to the stock owned by the plaintiff and the lease has been terminated by agreement. All concur. (The judgment awarded plaintiff damages in an action to restrain farm tenant from disposing of produce.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.