**DU–ART FILM LABORATORIES, Inc., et al.
v. CONSOLIDATED FILM
INDUSTRIES, Inc.**

District Court, S. D. New York.
April 21, 1936.

Bushel & Gottlieb, of New York City,
for plaintiffs.

Meyer H. Lavenstein, of New York
City (Robert Delson, of New York City,
of counsel), for defendant.

PATTERSON, District Judge.

The action is one at law, commenced in
the state court and removed to this court
for diversity of citizenship. The sufficien-
cy of the complaint is brought up by mo-
tion of the defendant to dismiss.

The complaint is said by the plaintiffs
to be one to recover for wrongful interfer-
ence with their contractual rights. The
facts alleged in the complaint, to be taken
as true for present purposes, are these:
The plaintiffs made contracts with U Film
Laboratories, Inc., whereby the latter
leased premises and equipment from the
plaintiff Du-Art Film Laboratories for a
term and agreed to employ the plaintiff
Gottlieb as manager. In the contracts U
Film Laboratories also agreed that all
film-developing work in New York re-
quired to be done by Universal Pictures
Corporation should be done at the leased
premises. For some months thereafter all
work of the Universal in New York was
done at the leased premises. The defend-
ant, which had a laboratory of its own and
wanted the Universal business, "contrived
and conspired with and coerced said Uni-
versal Pictures Corporation to take steps
to evade, set at naught and bring about the
repudiation of said agreements," and "did
wrongfully, knowingly and intentionally
and without reasonable justification or ex-
cuse, coerce, induce, persuade, procure and
bring about the repudiation and breach of
the said agreements with the plaintiffs,"
thereby getting the business for itself.
The defendant also enticed employees who
had been working at the leased premises to
take employment at its own laboratory. As
a result of the defendant's conduct, the
plaintiffs are said to have been damaged
in certain particulars not necessary to men-
tion now.

The plaintiff treats the case as an
ordinary one under the doctrine of Lomley
v. Gye, 2 E. & B. 216, and submits it as
settled law, both in New York and else-
where, that damages may be recovered
from one who knowingly induces a party
with whom the plaintiff had a contract to
break the contract. Lamb v. Cheney &
Son, 227 N.Y. 418, 125 N.E. 817; Camp-

690

bell v. Gates, 236 N.Y. 457, 141 N.E. 914; Hornstein v. Podwitz, 254 N.Y. 443, 173 N. E. 674, 84 A.L.R. 1; Angle v. Chicago, etc., Ry. Co., 151 U.S. 1, 14 S.Ct. 240, 38 L.Ed. 55. The general proposition is of course the law, and if the complaint here had alleged that the contracts which the plaintiffs had made were with the Universal Corporation, the complaint might be regarded as stating a cause of action in spite of the meagre showing of the facts.

▉▉▉ But the contracts were not with the Universal Corporation. They were with the U Film Laboratories. The charge in the complaint comes to this, that the plaintiffs had contracts with a company, U Film Laboratories, relative to certain work to be done for the Universal Corporation, and the defendant obtained the Universal business by causing Universal to evade the contracts and bring about their repudiation. What the relationship between U Film Laboratories and Universal was is not stated. For all that appears, Universal had an absolute right to withdraw its business from the plaintiffs' premises, and the fact that such withdrawal brought about a breach by U Film Laboratories of its contracts with the plaintiffs does not mean that either the Universal or the defendant must pay the plaintiffs the losses they sustained. The principles of free competition justify a man in getting business for himself, so long as he does not use fraud, deception, or inducement to his customer to break an existing contract with another. He certainly is not under liability because as a result of his getting the business his customer's former supplier breaks a contract with another person. So the complaint does not show a cause of action against the defendant.

▉▉▉ There is a paragraph in the complaint that the defendant enticed employees at the plaintiff's premises into its own service. It is not pleaded that the persons enticed were in the plaintiffs' employ. Presumably they were employees of U Film Laboratories. Without an allegation that the employees were persuaded to leave the plaintiffs, there is no grievance. But even if the persons enticed away were the plaintiffs' employees, it is not alleged that in leaving they broke any obligation to the plaintiffs. It may be taken for granted that their former employment was terminable at will. An employer has no such vested interest in the continuity of his employees' services that he can recover damages from a rival who persuades them to leave his employ and enter the rival's employ; no contract of employment having been broken. Triangle Film Corporation v. Artcraft Pictures Corporation, 250 F. 981 (C.C.A.2); Harley & Lund Corporation v. Murray Rubber Co., 31 F.(2d) 932 (C.C.A.2).

The facts pleaded in the complaint do not reveal a cause of action against the defendant. The motion to dismiss will be granted, with leave to serve an amended complaint within twenty days.