AFFILIATED LADIES' APPAREL CARRIERS ASSOCIATION, INC., Plaintiff, v. NATIONAL DRESS MANUFACTURERS ASSOCIATION, INC., POPULAR PRICED DRESS MANUFACTURERS GROUP, INC., AFFILIATED DRESS MANUFACTURERS, INC., and UNITED ASSOCIATION OF DRESS MANUFACTURERS, INC., and Each and Every Member Thereof, Defendants.

Supreme Court, Special Term, New York County, October 20, 1937.

*R. B. Shemitz*, for the plaintiff.

*S. Blumberg*, for the defendants.

LAUER, J.   The plaintiff, a domestic corporation whose members are engaged in the business of trucking of cut and uncut piece goods and dresses, brings this action against the United Association of Dress Manufacturers, Inc., a membership corporation of dress contractors, hereinafter designated the United, and three other associations of jobbers, which briefly may be designated as the National, the Popular and the Affiliated associations.   The plaintiff alleges that it is in contractual relationship with each of the three jobber associations named; that by the terms of these agreements all " trucking " done by any jobber is to be done by one of the plaintiff's member truckmen.   The gravamen of the complaint is that the United and its officers " have been for some time past and still are engaged in an unlawful combination and conspiracy for the purpose of inducing and coercing the ' jobbers ' and their respective members to breach, vitiate and violate the terms of their respective agreements with the plaintiff."

The defendants by their answer put in issue all material allegations of the complaint.   It appeared on the trial that the plaintiff, the truckmen's association, and the three jobber associations had, by separate agreements, agreed that the jobbers would do all their " trucking " through members of the plaintiff organization.   It appeared further that the United was bound by contract to manufacture garments for the three defendant jobbers from goods supplied by the jobbers.   The members of the United were by their agreement with the jobbers obligated to call for the cut goods,

manufacture them into dresses, and then deliver the finished product to the jobber. The expense of the carting, or " trucking," was borne by the United members and not by the jobbers. The evidence showed, and it is admitted by the United, that its members in many instances employed " push boys " to call for the cut goods and to deliver the finished product to the jobber. The plaintiff claims that the use by the members of the United of " push boys " to do the carting in effect constituted proof that the members of United were inducing a breach of the agreement between the plaintiff and the jobbers.

It is not at all certain that the acts of the members of United in doing their own carting through " push boys " constituted a breach of the agreement between the plaintiff and the jobbers. But, assuming that a breach was established by the acts, it would appear that neither the United nor any of its members were either party or privy to the contract between the plaintiff and the jobbers. It is true that the evidence showed that the officers of the United advised its members that they were not bound by contract with the plaintiff and that they were not obligated to accept and pay for trucking when they could use " push boys " to do the carting between their contractors and themselves. It appeared that at a number of conferences between officers of the plaintiff's organization and the United the plaintiff had requested a contract for the exclusive use by the United and its members of the members of the plaintiff's organization and that this had been consistently and repeatedly refused by the officers of United. The activities on the part of the United and its officers cannot, as I see the situation, be regarded as constituting an inducement of the jobbers to breach their contract. The officers of United, in giving the advice to the members referred to, cannot be said to have done anything of an unlawful nature, nor can I spell out from the evidence any acts which can be regarded as a conspiracy on the part of the United or its officers to induce the members of the jobbers association who have contractual relations with the plaintiff to breach their contract.

It appears that the United was under contractual relationship with the International Ladies Garment Workers Union. The plaintiff invokes that agreement as entitling it to relief and relies particularly upon the thirty-third clause of that agreement to the following effect: " All members of the Association shall do all of their trucking of garments and of cut and uncut goods exclusively by union truckmen who are members of Local No. 102 of the International Ladies' Garment Workers' Union and whose employers are in contractual relations with the said Local." It appears that all the members of the plaintiff association who operated their

own trucks were members of Local No. 102, and all employees of the plaintiff association were members of the said local.

The plaintiff claims that it is entitled to injunctive relief in its capacity as a third party beneficiary of this contract, and relies upon such cases as *Lawrence* v. *Fox* (20 N. Y. 268), and similar cases, to support its position. I know of no case, and plaintiff has cited none, where the courts have gone so far as to afford injunctive relief to a beneficiary of such a contract. It is true that " one who, having knowledge of an existing valid contract between others, intentionally, knowingly and without reasonable justification or excuse, induces one of the parties to the contract to breach it to the damage of the other party, is liable in an action to recover the damages suffered. The action is predicated on the intentional interference without justification with contractual rights, with knowledge thereof." (*Hornstein* v. *Podwitz*, 254 N. Y. 443, 448.) In the present case, however, there is no proof of any lack of any " reasonable justification or excuse," nor is there any proof of " intentional interference without justification." The contractors were not obligated by virtue of any contract to use the plaintiff's trucks, nor were they obligated to use trucks. As a business proposition they had a right to use for their convenience and the economical operation of their business their own carts operated by " push boys." In any event, this is the picture of the case as I see it, and under the circumstances I do not feel that the plaintiff has established a case for the intervention of a court of equity.

Judgment for the defendants.