## ZIMMERMAN v. NATIONAL DAIRY PRODUCTS CORPORATION.

District Court, S. D. New York.
Dec. 5, 1939.

Samuel W. Cracowaner, of New York City (Samuel Turchin, of New York City, of counsel), for plaintiff.

Katz & Sommerich, of New York City (Otto C. Sommerich and Raymond T. Heilpern, both of New York City, of counsel), for defendant.

CONGER, District Judge.

This is a motion to dismiss the complaint of the plaintiff because it fails to state facts sufficient to constitute a cause of action.

The plaintiff, a real estate broker, was engaged by the New York Central Railroad Company to solicit prospective tenants for its building at 230 Park Avenue, New York City. He claims that he interested the defendant in the building, and that the defendant later entered into an agreement with the railroad company to lease space in the building.

His complaint in this action alleges that the defendant:

"VI. * * * did represent to the New York Central Railroad Company as Landlord that the plaintiff was not involved as broker in any way, which representations were false."

"VII: That because of the false representations of the defendant to the New York Central Railroad Company, that the plaintiff was not involved as a broker in any way, the plaintiff was prevented from collecting his lawful commissions as broker from the New York Central Railroad Company * * *".

■ It is difficult to determine upon just what grounds the plaintiff is suing. Obviously the suit is not in contract for brokerage commissions due from defendant, for plaintiff has this cause of action against the landlord, and not defendant. If the action is in fraud, the complaint is defective under Rule 9(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which reads:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

The complaint is silent as to fraud, or any facts which would constitute fraud; malice, intent or wrongful inducement is not alleged against the defendant, to induce the New York Central Railroad Company to breach its alleged contract with plaintiff. The complaint is also silent as to full performance on the part of the plaintiff in its alleged contract with the New York Central Railroad Company, a necessary prerequisite, before a recovery for the fraudulent breaching of that contract can be allowed.

■ The plaintiff, in substantiating his cause of action places great stress on the cases of Lumley v. Gye, 75 E.C.L. 216, 1 Eng.Hul.Cas. 706; and Hornstein v. Podwitz, 254 N.Y. 443, 173 N.E. 674, 84 A.L.R. 1. These cases are distinguishable from the case at bar on the method of pleading. In the Lumley v. Gye case, supra, the contract was one for personal services, where a stranger to the contract "maliciously intending to injure the plaintiff", enticed and procured an opera singer to leave the plaintiff's employment and thereby breach the contract. If, in the case at bar, defendant "maliciously intended to injure the plaintiff", the plaintiff may have a good cause of action, but the ultimate facts of such acts of the defendant must be pleaded to sustain the complaint. A complaint, in order to set forth a cause of action, must contain sufficient facts to constitute a cause of action as stated in Rule 8(a) clause (2) of the Rules of Civil Procedure, and not mere conclusions of law.

In the case of Hornstein v. Podwitz, supra, which the plaintiff claims is in point, the Court held that the complaint stated a cause of action for wrongfully inducing a breach of contract when it set forth that the plaintiff, a real estate broker, had fully performed and was entitled to his commissions, but that the leasing parties with full knowledge, conspired and entered into an agreement to deprive him of his commissions, and to distribute among themselves a sum of money in lieu thereof, which agreement was carried out to the plaintiff's damage. The complaint in the instant case does not allege full performance on the part of the plaintiff, nor that he is entitled to his commissions; and there is no allegation of a conspiracy, or of any acts of fraud, which would give rise to an action in tort. Whether or not plaintiff's alleged claim is in fraud or contract, is not for this Court to decide, as the complaint must stand or fall on its allegations as contained therein.

The plaintiff may have a good cause of action against the defendant, but he has failed to set it forth in the complaint.

In view of the above reasons, the motion is granted without prejudice, and the plaintiff may serve an amended complaint in compliance with the Rules of Civil Procedure. Settle order on notice.