JOHN H. SAVAGE, Plaintiff, *v.* THE MATHIESON ALKALI WORKS (INC.), Defendant.

Supreme Court, Niagara County, September 24, 1940.

*William L. Clay,* for the plaintiff.

*Robert J. Moore,* for the defendant.

LYTLE, J. This is a motion by the defendant to dismiss the plaintiff's second amended complaint for failure to state facts sufficient to constitute a cause of action. Said complaint purports to set forth a cause of action sounding in breach of statute, and a second, separately stated, in nuisance.

The motion is addressed to the complaint as a whole. For reasons hereinafter assigned, the second cause of action should be permitted to stand; the first must fall. Therefore, a question is presented as to whether the court has the power upon this application to deal with the two alleged causes of action separately.

It has been held that a motion attacking a complaint as a whole will be denied if the complaint contains a cause of action sufficiently stated. To this extent, each alleged cause of action in a complaint supports the others and is in turn supported by them. (*Eidlitz*

v. *Fischbach & Moore, Inc.*, 239 App. Div. 483, 486; *Cochran* v. *Mount Vernon Trust Co.*, 245 id. 742; *McComb* v. *Charnock*, 13 N. Y. Supp. [2d] 370.) When two or more causes of action are alleged in a complaint, and the defendant deems that one or more or all of them are deficient, he will do well so to frame his notice of motion as to deliver not only a general charge against the pleading but against its various parts separately. Otherwise the very situation existing here may arise; the court may be inclined to agree with part of his contentions and disagree in part, but still be unable to grant any relief at all.

This notice of motion further asks "for such other and further relief as to the Court may seem just and proper." Such a request in words or substance appears in the great majority of moving papers. An examination into its force and effect is not only instructive but interesting.

Appended to the report of *Jackson* v. *Stiles* (1 Cow. 134), decided in 1823, is the following note: "The notice was a motion for a rule, that the landlord be made a defendant instead of *Stiles, or for such other rule or order as the Court should direct upon the premises.* This for more abundant caution, should be inserted in every notice of motion, where the nature of the relief to be granted is, in the least, doubtful." (1 Cow. 135, note 1.) This ancient bit of advice, with the exception of an instance in which a motion is being made upon a special appearance, is good today.

The report of *Ferguson* v. *Jones* (12 Wend. 241), decided in 1834, is as follows: "The plaintiff moved to *quash a certiorari* issued to remove this cause from the Common Pleas of New York. The writ not being returnable until *January* next, the defendant objected that the motion to *quash* was irregular; that the plaintiff should have moved to *supersede* the writ; and cited Tidd's Pr. 385. In answer to which, it was said that the notice was of a motion to quash the writ, or *for such other order* as the court should think proper to make.

" Mr. Justice Sutherland ruled, that under the *general prayer,* the plaintiff was entitled to an order to *supersede,* and granted a rule accordingly."

Similar force was given to a request for "such other rule or relief as the court should deem proper" by the Supreme Court in 1843. (*Barstow* v. *Randall*, 5 Hill, 518.)

In *People ex rel. Johnson* v. *Board of Supervisors of Delaware County* (45 N. Y. 196) the Court of Appeals recognized the rule of the earlier cases and applied it to an order to show cause. The wording was "for such other or further order or relief as the court

might think proper to grant." The court said: " Under such a clause in the notice of motion, or in the order to show cause, relief may be given other than that specifically asked for, and to such extent as is warranted by the facts plainly appearing in the papers on both sides." (45 N. Y. 204.)

Two months later the court again stated the law in *Thompson* v. *Erie R. R. Co.* (45 N. Y. 468, 476.) It seems that the rule survived the advent of the Civil Practice Act. (*Village of Mt. Morris* v. *Pavilion Natural Gas Co.*, 190 N. Y. Supp. 38.)

The complaint is before the court and on the face thereof may be determined the sufficiency of the separate purported causes of action.

The plaintiff does not allege that he was an employee of the defendant; he alleges that he was an employee of E. I. DuPont DeNemours Company, Inc., in an industrial plant located in close proximity to the premises of the defendant. The plaintiff charges the defendant with violation of statutes prescribing conditions to be maintained within the interior of the defendant's factory. In so far as such statutes relate to the atmospheric and other working conditions in the defendant's factory, they are for the protection of the employees of the defendant, and a violation of them creates, under certain circumstances, a cause of action in favor of employees of the defendant, and no others. (*Schmidt* v. *Merchants Despatch Trans. Co.*, 270 N. Y. 287.) What has just been stated may not apply to the portions of the Labor Law providing precautions for the storage of explosives. However, although the complaint alleges in general terms the violation of such provisions, it does not allege the occurrence of any explosion, and hence there is a link missing between the alleged violation and any injury to the plaintiff. The plaintiff must allege and prove a causal connection between a violation of statute and a claimed injury. The first alleged cause of action is insufficient and is dismissed.

The second alleged cause of action sets forth charges against the defendant which, if established, may support a finding that the defendant maintained a nuisance in the vicinity of its factory; the complaint charges that the condition created by the defendant constituted a nuisance; allegations of the plaintiff's employment in the vicinity of the defendant's factory spell out his rightful presence within the territory affected by the alleged nuisance; it is alleged that the defendant had notice of the condition claimed to constitute the nuisance. Special damages are alleged.

The principal objection urged by the defendant is that the pleading is vague and indefinite, and it is true that we are con-

fronted with a pleading that cannot well be held up as a model or example of perfection. It may be that the defendant would be warranted in making a motion under rule 102 of the Rules of Civil Practice, and certainly he can expect and demand considerable limitation and enlightenment from a bill of particulars. On the other hand, the plaintiff is to be accorded the benefits of the rule that on a motion to dismiss a complaint for insufficiency, every intendment and fair inference is in favor of the pleading, and if in any aspect upon the facts stated the plaintiff could recover, the motion should be denied. (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430.) In so far as the motion is directed against the second cause of action, it is denied.

Prepare and submit an order accordingly.