WILLIAM KRIGER et al., Appellants, *v.* INDUSTRIAL REHABILITATION CORPORATION et al., Defendants, and JOSEPH P. DAY, INC., et al., Respondents.

First Department, May 12, 1959.

*Joseph Delman* of counsel (*Victor Whitehorn* with him on the brief; *Whitehorn & Cowin,* attorneys), for appellants.

*Edward Abbe Niles* of counsel (*Cadwalader, Wickersham & Taft,* attorneys), for Joseph P. Day, Inc., respondent.

*Harold R. Tyler, Jr.,* of counsel (*Daniel Mandel* with him on the brief; *Gilbert & Segall,* attorneys), for General Electric Company, respondent.

McNally, J. Plaintiffs appeal from a judgment entered on July 24, 1958 in favor of defendants Joseph P. Day, Inc. and General Electric Company dismissing for insufficiency the second amended complaint as against these defendants. Plaintiffs also seek review of an order made August 20, 1957 dismissing for insufficiency the original complaint as against General Electric Company, with leave to replead; an order made November 21, 1957 dismissing for insufficiency the first amended complaint as against General Electric Company, with leave to replead; and orders made February 24, 1958 dismissing for insufficiency the second amended complaint as against General Electric Company and Joseph P. Day, Inc., with leave to replead.

Having availed themselves of the leave to amend provided in the orders dated August 20, 1957 and November 21, 1957, plaintiffs are precluded from reviewing said orders. (*Schulsinger* v. *Blau,* 84 App. Div. 390, 392.) We address ourselves to the sufficiency of the second amended complaint.

The second amended complaint alleges six causes of action; four (first, second, third and fifth) are directed to the defendants General Electric Company and Joseph P. Day, Inc.; an additional cause of action (fourth) is alleged against the former.

The first cause of action alleges the following: Plaintiff William Kriger, as tenant, and defendant Industrial Rehabilitation Corporation, as landlord, on May 31, 1956, entered into a lease for a term of 21 years of certain real property located in Oswego County, New York. Under the terms of the lease plaintiff Kriger was required to pay all taxes accruing on the property except that Industrial was to pay the sum of $1,865.75 towards the 1956–1957 school tax. Industrial executed a promissory note to Kriger in said amount due on October 1, 1956. A portion of the demised premises was occupied by a month-to-month tenant, Oswego Falls Corporation, at a monthly rental of $628.66. On December 3, 1956 Kriger assigned his lease to the other plaintiff, Oswego Estates Inc.

The complaint further alleges defendants made certain false statements and representations to the tenant, Oswego Falls Corporation, regarding plaintiffs' right to receive rent, as a result of which they induced said tenant not to pay the rent due for the months of August to December, inclusive, of 1956. By reason thereof the said rents were never paid to plaintiffs, and they were damaged in the amount of $3,143.30.

Special Term held the first cause of action insufficient because the obligation of the tenant, Oswego Falls Corporation, to pay rent subsisted and it was not alleged that plaintiffs were unable to obtain satisfaction thereof from said tenant.

In *Hornstein* v. *Podwitz* (254 N. Y. 443) a recovery was sought against a third party who had allegedly induced a breach of an agreement for broker's commissions between plaintiff and his principal. The defendant there contended that the complaint was insufficient since the plaintiff had suffered no damages, as he still had a cause of action against his principal for breach of contract. The Court of Appeals rejected such contention in the following language (p. 449): "They committed a legal wrong which gave rise to a cause of action in favor of the plaintiff. The fact that the plaintiff also has a cause of action against his principal for breach of contract does not prevent his having a cause of action in tort against them. They cannot be heard to say that they are not liable for their wrongful act because the owner of the premises is also liable to the plaintiff for his commissions. All of the parties who induced the breach of the contract are jointly and severally liable for the commissions due the plaintiff."

In so holding, the Court of Appeals expressly disapproved the holding in *Popper* v. *Korn* (218 App. Div. 513) and *Weinberg* v. *Irwinessie Holding Corp.* (225 App. Div. 241) that a cause of action is not made out in the absence of the allegation that the defaulting party cannot fulfil his obligation.

We conclude, therefore, that the first cause of action sufficiently spells out a wrongful inducement of a breach of contract. This being so, and since the motions sought a dismissal of the entire complaint as against the defendants General Electric Company and Joseph P. Day, Inc., ordinarily it would follow that the orders granting the motions should be reversed and the motions denied. A motion for insufficiency addressed only to the entire complaint should be denied if one cause of action therein is sufficient. (*Imperatrice* v. *Imperatrice,* 298 N. Y. 549; *Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 84; *Eidlitz* v. *Fischbach & Moore,* 239 App. Div. 483, 486;

*Fusco* v. *Brooks,* 263 App. Div. 845; *Cochran* v. *Mount Vernon Trust Co.,* 245 App. Div. 724.)

The motion of defendant Joseph P. Day, Inc. to dismiss the second amended complaint asked " for such other, further and different relief as may be just, with costs." The request for such additional relief enables the court in its discretion to pass on the sufficiency of each cause of action when it is apparent that the parties have had and exercised the opportunity to address themselves to the legal issues involved. (*People ex rel. Johnson* v. *Board of Supervisors of Delaware County,* 45 N. Y. 196, 204; *Savage* v. *Mathieson Alkali Works,* 174 Misc. 1022, affd. 261 App. Div. 1053.) It is the better practice specifically to challenge the sufficiency of the complaint and each of the causes of action therein alleged in order to convey to the adverse party the necessity of sustaining each cause of action alleged in the pleading. In the instant case, we are satisfied no prejudice will result if we address ourselves to each of the causes of action against the defendant Day.

The second cause of action alleges defendant Day made false statements and representations to prospective lessees of the demised premises of the plaintiffs, as a result of which the prospective tenants did not lease space. Plaintiffs denominate the second cause of action as one for slander of title. If so, special damages must be alleged as held in *Kendall* v. *Stone* (5 N. Y. 14), relied on by plaintiffs. No special damages are alleged. The prospective tenants are not named; nor are facts alleged to support the conclusion that plaintiffs would have realized the rental income alleged. (*Drug Research Corp.* v. *Curtis Pub. Co.,* 7 A D 2d 285, 289.)

The third cause of action alleges the defendant Day instructed defendant Industrial Rehabilitation Corporation to dishonor its promissory note payable to the plaintiff in the sum of $1,865.75, defendant's share of the 1956–1957 school tax. This cause of action is sufficient for the reasons stated in respect of the first cause of action.

We do not address ourselves specifically to the fourth cause of action since it is asserted against General Electric Company only and that defendant did not ask for other and further relief.

The fifth cause of action alleges, in substance, a conspiracy between defendant Day and the other defendants to deprive the plaintiffs of their leasehold interest. This cause of action is sufficient because it alleges, in part, the facts of the first and third causes of action, which have been sustained.

Plaintiffs have had three opportunities to plead. They have appealed and elected not to avail themselves of the fourth opportunity afforded them by Special Term. Under the circumstances, we are of the opinion that no useful purpose would be served by granting leave to serve a third amended complaint.

The judgment entered July 24, 1958 and the orders dated February 24, 1958 should be reversed, on the law, with costs to appellants; the motion of defendant General Electric Company to dismiss the second amended complaint should be denied; the motion of defendant Joseph P. Day, Inc. to dismiss the said complaint should be modified to the extent of granting the motion as to the second cause of action, and otherwise denied; the appeals from the orders dated August 20, 1957 and November 21, 1957 dismissing the original and first amended complaints should be dismissed, without costs.

BREITEL, J. (dissenting in part). There is no disagreement with the general statements of law expressed in the majority opinion, but the first, third and fifth causes of action are deemed insufficient for the following reasons:

The first cause of action recites not a misrepresentation of fact but one of law, to wit, "that plaintiffs were not entitled to receive rent from the occupants of the said demised premises." Moreover, the allegation is conclusory; it relates to a mere expression of opinion; and there is no basis set forth why this advice was or should have been followed.

The third cause of action merely recites that the other defendants "instructed and induced defendant Industrial Rehabilitation Corporation to dishonor its promissory note". This is purely conclusory and, in addition, asserts no basis, by way of relationship or otherwise, why Industrial should have followed any such purported instruction or inducement.

The fifth cause of action then fails because, alleging a conspiracy based on the prior causes of action, there is no sufficient cause of action to support the over-all allegations.

These are not mere technical defects, as demonstrated by the fact that plaintiffs have now attempted to plead a sufficient complaint three times, twice with the benefit of instructive advice from Special Term, and have not been able to do so. Indeed, all plaintiff has done in its pleading is to charge each defendant with "inducing" every other defendant with having failed to perform its obligation, as if the word "inducing" alone had some operative factual content, which it does not have except in some meaningful factual context.

Accordingly, the most recent order of Special Term should be affirmed in all respects.

BOTEIN, P. J., and RABIN, J., concur with McNALLY, J.; BREITEL, J., dissents in part and votes to affirm, in opinion in which VALENTE, J., concurs.

Judgment entered July 24, 1958 and the orders dated February 24, 1958 reversed, on the law, with costs to appellants; the motion of defendant General Electric Company to dismiss the second amended complaint denied; the motion of defendant Joseph P. Day, Inc. to dismiss the said complaint modified to the extent of granting the motion as to the second cause of action, and otherwise denied; the appeals from the orders dated August 20, 1957 and November 21, 1957, dismissing the original and first amended complaints, dismissed, without costs.

Settle order.