■  In the Matter of the Arbitration between CONSOLIDATED TELEPHONE ANSWERING SERVICE CORP., Appellant, and WE-ANSWER PHONES INC., Respondent.— Order, entered August 7, 1964, denying petitioner's motion to stay an arbitration, unanimously reversed on the law and on the facts, with $30 costs and disbursements to appellant, and the motion granted, with $10 costs. The question here is whether a collective agreement which provides for arbitration of disputes, requires arbitration of respondent's claim against petitioner. The agreement is between a union and an association in which the petitioner and respondent herein are members. Respondent, in complaining to the impartial chairman named in the collective agreement, seeks an injunction and damages for the violation of restrictive covenants in individual contracts of employment entered into between respondent and two of its former employees, who are now employed by petitioner. The collective agreement recognizes and approves the validity of individual contracts of employment containing restrictive covenant provisions. In addition, the collective agreement provides (art. XIV) that the impartial chairman shall have "jurisdiction over all such

individual contracts * * * between employers and their individual employees and over any complaints by any employer of an alleged breach of such an individual agreement." Moreover, article XII of the collective agreement gives the impartial chairman jurisdiction "to hear and determine all complaints, disputes and grievances arising between the parties to this Agreement or between any member of the Association and the Union or between any member of the Association or the Association itself and any employee." We have held in *Hopper* v. *We-Answer Phones* (22 A D 2d 854) decided simultaneously herewith, that respondent's complaint against the individual employees for breach of the restrictive covenants in their employment contracts is subject to arbitration by the impartial chairman. However, articles XII and XIV of the collective agreement do not contain any express provision for arbitration of disputes between members of the association. And, a party may not be compelled to arbitrate unless he agreed to do so in clear language. (*Matter of Writers Guild of Amer. East* [*Prockter Prods.*], 1 N Y 2d 305, 308.) Article XII covers disputes between the parties to the collective agreement — which are the association and the union — between a member of the association and the union, and between the association or any of its members and any employee. No mention is made of disputes between members of the association. Nor can article XIV, in referring to "complaints by any employer of an alleged breach of such an individual agreement", be reasonably construed to include a complaint against petitioner. Only the parties to the individual agreement can be said to have breached it. Since petitioner is not a party to the individual employment agreement, it may not be compelled to arbitrate any complaint as to the alleged breach of that agreement by the employee. Unlawfully inducing a breach of contract is a tort and not a breach of contract. (*Hornstein* v. *Podwitz*, 254 N. Y. 443.) Concur — Botein, P. J., Rabin, Valente, Stevens and Eager, JJ.