■ Donna L. B. Camacho et al., Appellants, v. City of New York et al., Respondents.— In an action to recover damages for personal injuries sustained by reason of the alleged failure of the City of New York and the other defendants to provide adequate police protection, plaintiffs appeal, as limited by their brief, from a judgment of the Supreme Court, Queens County, entered March 12, 1965, in favor of defendants, upon a jury verdict. Judgment affirmed, without costs. While we agree with appellants that their counsel was improperly restricted in cross-examining defendants' witness Chambers regarding a prior conviction (CPLR 4513) and that the knife introduced into evidence was not sufficiently identified (*People* v. *Beasley,* 9 A D 2d 954; *People* v. *Hetenyi,* 277 App. Div. 310, 316, affd. 301 N. Y. 757), we do not think these errors, singly or cumulatively, affected the verdict in any substantial manner. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.

■ Car-Lynn Realty Corp., Respondent, v. Almar Properties, Inc., Defendant, and Barbara Ulrich et al., Appellants.— In an action by a real estate broker to recover for services rendered under a brokerage contract and for damages sustained as a result of a conspiracy to induce a breach of the contract, all the defendants except Almar Properties, Inc., appeal from an order of the Supreme Court, Suffolk County, entered January 13, 1966, which denied their motion to dismiss the complaint as against them for failure to state a cause of action. Order affirmed, with $10 costs and disbursements. The time for appellants to answer the complaint is extended until 20 days after entry of the order hereon. The complaint sufficiently sets forth a cause of action in conspiracy to induce a breach of the brokerage contract (*Hornstein* v. *Podwitz,* 254 N. Y. 443; *Keviczky* v. *Lorber,* 290 N. Y. 297). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ Fitzroy Frederick, Respondent, v. New York City Transit Authority et al., Appellants.— In a negligence action to recover damages for personal injury, defendants appeal from an amended and resettled judgment of the Supreme Court, Kings County, entered December 28, 1964, in plaintiff's favor upon a jury verdict, in a reduced amount as stipulated to by plaintiff in pursuance of the trial court's decision conditionally granting defendants' motion to set aside the verdict and for a new trial. Judgment modified, on the law and the facts, by increasing the amount of the judgment to $175,000, the amount of the verdict, plus appropriate interest, costs and disbursements. As so modified, judgment affirmed, with costs to respondent. In our opinion, considering the nature of the injury as it relates to the circumstances of this plaintiff, the verdict of the jury was not excessive; and defendants' motion to set it aside should have been denied unconditionally. The verdict is herewith increased under CPLR 5501 (subd. [a], par. 5). Christ, Acting P. J., Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to affirm the judgment.

■ In the Matter of the Estate of Ernest F. Day, Also Known as Frank Meiskey, an Incompetent Person. William J. Driver, as Administrator of Veterans' Affairs, Appellant; Joseph T. Russell, Respondent.— In a proceeding relating to the estate of an incompetent, the Administrator of Veterans' Affairs appeals from an order of the Supreme Court, Dutchess County, entered August 5, 1965, which denied his motion *inter alia* to remove the incompetent's committee. Order affirmed, without costs. Our affirmance is not to be deemed an approval of the practice pursued by the committee in this case. Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.