Dear Robert L. Dean
You have asked for our opinion whether a match between DNA recovered at a crime scene and an entry in the State's DNA data base may be used as probable cause to arrest the individual identified with the data base sample.
In our opinion, a data base match may be used to establish probable cause to charge and arrest an individual, as well as to obtain a DNA sample from that individual. The data base match would be inadmissible at a trial of that individual, unless the confirmatory sample obtained from the individual also matches the crime scene DNA. Because the statutory language is not absolutely clear, we recommend that the General Assembly consider amending the pertinent statute.
 I Background
A. State DNA Data Base
DNA stands for deoxyribonucleic acid, a self-replicating material that makes up chromosomes and is the carrier of genetic information in all human beings. See Armistead v. State, 342 Md. 38, 51-52, 673 A.2d 221
(1996). Except in the case of identical twins, DNA is unique to each person. Id. at 52-53 n. 8. DNA comparisons allow for identification of an individual involved in a crime or other incident that involves DNA evidence. Accordingly, DNA evidence is admissible in criminal proceedings under certain conditions to prove identity. Annotated Code of Maryland, Courts *Page 190 Judicial Proceedings Article, § 10-915; see generally Annotation,Admissibility of DNA Identification Evidence, 84 ALR 4th
313.
State law provides for a DNA data base in the Crime Laboratory of the Maryland State Police. Annotated Code of Maryland, Public Safety Article ("PS"), § 2-502(a).[1] The data base consists of identification characteristics and typing results related to DNA samples stored in a statewide DNA repository. PS § 2-506. The DNA repository is populated with DNA samples obtained from persons convicted of felonies and certain other offenses. PS § 2-504.[2] The Court of Appeals recently held that the collection of DNA samples in this manner is consistent with the Fourth Amendment. State v. Raines, 383 Md. 1, 857 A.2d 19 (2004).[3]
The DNA data base is to be used for the investigation of crimes, for the identification of human remains and missing individuals, and for research and administrative purposes. PS § 2-505. In furtherance of those purposes, the personal identification information and typing results related to a match may be provided to law enforcement agencies, prosecutors, other crime laboratories, or "a person participating in a judicial proceeding in which the data base information may be offered as evidence." PS § 2-508(a). Information from the data base may also be made available pursuant to a court order to a defendant or defense counsel in a pending criminal case. PS § 2-508(b).
B. PS § 2-510
The State DNA data base law limits the use of an initial match made between DNA recovered from a crime scene and a sample in the State DNA data base. It provides: *Page 191 
 A match obtained between an evidence sample and a data base entry may only be used as probable cause to obtain an additional DNA sample from the subject and is not admissible at trial unless confirmed by additional testing.
PS § 2-510. This provision has been part of the statute since it was first enacted. Chapter 458, Laws of Maryland 1994.
 II Analysis
PS § 2-510 is clear in two respects: (1) a match between an evidence sample of DNA and a data base entry is not by itself admissible at a trial, and (2) the match may be used as probable cause to obtain a blood sample or other DNA sample from the individual identified with the data base entry to confirm the match. You ask whether the match may be used as probable cause for another purpose — arrest and detention of a suspect while the test to confirm the match is being conducted. You are concerned that a suspect, once put on notice by the taking of another sample that he or she is the focus of an investigation, may flee prosecution.
The answer to your question depends on the significance of the word "only" in PS § 2-510. The statute states that "[a] match . . . mayonly be used as probable cause to obtain an additional DNA sample from the subject. . . ." Read literally, this clause allows for just one use of a data base match — to obtain a search and seizure warrant for an additional DNA sample from the subject. However, it is apparent from the context of PS § 2-510 that the statute does not contemplate that the use of a data base match will be so limited. The State DNA data base is to be used for other purposes besides criminal investigations and prosecutions, including the identification of human remains, the identification of missing individuals, and "research and administrative purposes." PS § 2-505. None of these purposes could be accomplished without the sharing of match information. In addition, the statute provides for defense access to data base information, as well as information about matches, presumably for possible use in the defense of a criminal prosecution. PS § 2-508(b). *Page 192 
Finally, if the word "only" were read literally to limit the use of a data base match to one purpose, there would be no need for the second clause of the sentence that comprises PS § 2-510. If the "only" use that could be made of a match would be to provide probable cause for obtaining a sample from the subject, there would be no need to state that the match is inadmissible at trial.
Thus, despite its grammatical position in the statute, it appears unlikely that the word "only" was meant to express a prohibition against all other possible uses of a data base match. This raises the question of the purpose of including the word "only" in the statute.
A possible interpretation is that the word "only" is misplaced in the sentence, and the statute should have read: "a match . . . may be used as probable cause only to obtain an additional DNA sample from the subject. . . ." If that were the case, the word would circumscribe the situations in which a data base match could be used to establish probable cause, but would not otherwise restrict its use. If this interpretation were correct, a data base match could be used to establish probable cause for one purpose — to support a search to obtain a sample from the subject — and not as probable cause in other contexts in which probable cause determinations are required — e.g., arrest, preliminary hearing, indictment.
But this possible interpretation seems at odds with the underlying purpose of the data base statute. The intent of the DNA data base law was to establish "a process through which DNA matching will become as effective a law enforcement tool as fingerprint matching is today." Bill Analysis of House Bill 410 prepared for Senate Judicial Proceedings Committee (1994).[4] The essence of PS § 2-510 is that an individual may not be convicted on the basis of a match, but that the match may be used for further investigation that may well lead to conclusive evidence of the individual's involvement in the crime. It would be consistent with this purpose to allow a data base match to be used as part of the probable cause that supports an arrest warrant.[5] If the Legislature *Page 193 
had meant to create an exclusionary rule with respect to data base matches, it could have simply provided that a match is not competent evidence for any other purpose. Instead, the statute specifically rules out admissibility "at trial."
Most likely the use of the word "only" was meant to put a somewhat imprecise emphasis on the restriction in the second clause of the sentence — i.e., that the data base match by itself is inadmissible at trial. In that case, PS § 2-510 would not restrict the use of a data base match as probable cause for an arrest. Ordinarily, evidence that would not be admissible at trial may be used as part of the probable cause for a search or an arrest. See, e.g., Draper v. UnitedStates, 358 U.S. 307, 311-12 (1959) (hearsay evidence); Brinegar v.United States, 338 U.S. 160 (1949) (defendant's criminal record). InBrinegar, the Supreme Court rejected "a wholly unwarranted emphasis upon the criterion of admissibility in evidence" as a standard for probable cause. 338 U.S. at 172-75. On the other hand, evidence that is obtained illegally may not be used to establish probable cause. Johnson v. UnitedStates, 333 U.S. 10 (1948). A DNA data base match is analogous to hearsay or other types of evidence that the Legislature or courts have determined to be inadmissible at trial for a variety of reasons; a data base match is not illegally obtained evidence that is subject to an exclusionary rule like the fruits of an unconstitutional search.
Thus, in our view, the Legislature did not intend to bar the use of a data base match as part of the probable cause to support an arrest warrant. However, given the placement of the word "only" in the statute, that conclusion is not free from all doubt. We recommend that the General Assembly delete the term, or otherwise rephrase the statute to make clear that a data base match may serve as probable cause for an arrest. *Page 194 
 III Conclusion
In our opinion, a data base match may be used to establish probable cause to charge and arrest an individual, as well as to obtain a DNA sample from that individual. The data base match would be inadmissible at a trial of that individual, unless the sample obtained pursuant to the search also matches the crime scene DNA. Because the statutory language is not absolutely clear, we recommend that the General Assembly consider an amendment of PS § 2-510 to make clear that a data base match may be used as probable cause for an arrest.
 J. Joseph Curran, Jr. Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] The creation of DNA data bases by the states has been encouraged by a federal law that provides grants to support such data bases.42 U.S.C. § 14135.
[2] If the individual's conviction is expunged, the DNA sample and information in the data base may also be expunged. PS § 2-511.
[3] The Court upheld the statute against a Fourth Amendment challenge by a 4-3 vote. Two of the judges in the majority concurred in the judgment and wrote their own opinions; thus, none of the four opinions in the case was joined by a majority of the Court.
[4] The legislative file is otherwise unenlightening on the purpose of PS § 2-510.
[5] While a data base match will always be probable cause to obtain another sample for a confirmatory test, it may be insufficient by itself to establish probable cause for an arrest — for example, if it is known that the individual identified with the data base sample was incarcerated at the time of the offense. *Page 195