MAX D. STEUER, Respondent, *v.* MADGE HART, Defendant, Impleaded with MAX HART, Appellant.

First Department, December 29, 1916.

Attorney and client — action against husband to recover for legal services rendered to wife — pleading — complaint not stating cause of action.

A complaint in an action brought by an attorney at law against the husband of his client to charge him with the value of professional services rendered to the wife while they were living separate and apart in procuring an adjustment of the wife's claims against her husband and of their marital differences and which does not show that the nature of an action brought against the husband was for the protection and support of the wife or that the husband's conduct made the bringing of the action reasonable and proper, does not state a cause of action against the husband upon his common-law liability to pay for services rendered to the wife.

Where the complaint does not show the nature of the action brought against the husband an allegation that he made a special promise to pay the attorney for services rendered to the wife in consideration of her consent to discontinue the action does not state a cause of action as it discloses no consideration for the special promise.

APPEAL by the defendant, Max Hart, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of June, 1916, granting plaintiff's motion for judgment on the pleadings, consisting of a complaint and demurrer thereto.

*Cecil B. Ruskay,* for the appellant.

*Max D. Steuer,* in person, for the respondent.

DAVIS, J.:

The court below granted plaintiff's motion for judgment on the pleadings against the defendant Max Hart. The pleadings consist of a complaint and demurrer thereto. The defendant appeals from the order and asserts the insufficiency of the complaint.

It is alleged in the complaint (omitting mere conclusions) that plaintiff is an attorney at law; that defendants are husband and wife; that between December 10, 1915, and February 16, 1916, they lived separate and apart, and various difficulties had arisen between them; that she retained plaintiff as her attorney to procure an adjustment of certain property rights and claims against her husband, the defendant Max Hart, and of the marital differences between the defendants, and to begin the necessary actions to enforce the same; that between December 22, 1915, and February 16, 1916, plaintiff rendered professional services in reference to the matters referred to, and that those services were reasonably worth $5,000, payment of which has been demanded and refused.

The respondent contends that these facts make out a cause of action against the husband upon his common-law liability to pay for the services thus rendered to the wife. It appears from other parts of the complaint that an action had been brought against the husband by the wife, but the nature of the action does not appear. Nor does it appear that the action or the services rendered were for the protection and support of the wife, and that the husband's conduct made the bringing of the action reasonable and proper. We think the contention of the respondent is without merit and that the facts stated do not make out a cause of action against the defendant Max Hart. (*Naumer* v. *Gray*, 28 App. Div. 529.)

The respondent, however, claims not to rely alone upon the allegations of fact above referred to, but he alleges in addition that the defendant made a special promise to pay for the services rendered to the wife in consideration of this respondent's executing a consent to discontinue the action then pending between the defendants and withdrawing certain motions therein, in which the respondent had an interest. What the action was, or the nature of respondent's interest in the

motions, is not revealed. Upon the allegations as they stand there was no consideration for the alleged special promise of defendant Max Hart.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., McLAUGHLIN, LAUGHLIN and DOWLING, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.