FAY WEBB VALLEE, Plaintiff, *v.* HUBERT PRIOR VALLEE, Defendant.*

Supreme Court, New York County, February 23, 1934.

*Bushel & Gottlieb,* for the defendant, for the motion.

*Benjamin Hartstein,* for the plaintiff, opposed to motion.

SHIENTAG, J.   This is a motion by defendant for an injunction *pendente lite* restraining the plaintiff, her agents and attorneys, from proceeding with an action brought by plaintiff against the defendant in California in which action plaintiff is attempting to

* Affd., 241 App. Div. 851.

secure judgment or award for maintenance and support and counsel fees, and from attempting to enforce any order made therein and from attaching and seizing or otherwise interfering with defendant's assets, or enjoining the payment of money or property of the defendant. Further supporting injunctive relief is asked and leave is asked to serve an amended answer in the pending New York action.

Plaintiff and defendant were married July 6, 1931, and entered into a separation agreement April 5, 1933. The agreement imposes upon the defendant the obligation to pay $100 per week in full satisfaction and discharge of his financial obligations to her. The following clauses relevant to this application appear in the separation agreement:

" 3. The Wife hereby agrees that so long as this agreement shall be performed by the Husband that she will not at any time make any demands or claims upon the Husband, and that she will not at any time hereafter obligate or charge the Husband's credit in any manner whatsoever, or contract any debt or debts, charge or liabilities of any nature whatsoever, for which the Husband shall or may become liable or answerable, and the Wife shall not at any time make any claim or demand of any nature whatsoever upon the Husband, other than to enforce the terms herein agreed upon."

" 7. This agreement shall not be a bar to any action for separation or divorce by either of the parties hereto against the other, but in the event that either of the parties hereto shall hereafter at any time in the future recover any judgment of separation or divorce in the City of New York or elsewhere against the other, then this agreement shall remain in full force and effect and shall not in any wise be affected by any decree of separation or divorce, and no decree of separation or divorce shall contain any provision for alimony, support, attorneys' fees or costs, it being the intention of the parties that this agreement shall continue in full force and effect, whether or not a decree of separation or divorce is at any time or at any place obtained by either of the parties."

It will be noticed that under this agreement plaintiff agreed not to maintain any law suits against the defendant so long as the defendant was not in default. It is conceded that the defendant is not in default. Accordingly, the existence of this agreement is a complete plea in bar to the suit for maintenance brought in California so long as it remains in force. (*Drane* v. *Drane*, 207 App. Div. 217; *Greenberg* v. *Greenberg*, 218 id. 104.) The action pending in this State is to set the agreement aside on the ground that defendant misrepresented to plaintiff his financial status. While the relief asked for in the California action is broader than that prayed

for in the New York action, the clauses of the contract itself, above cited, which prevent any award of maintenance until the contract is set aside, make the preliminary issues in the two law suits identical. The New York action was started first. When the plaintiff started her action here she concededly was a resident of this State. In a companion action which she instituted in this State against the defendant, she prayed for injunctive relief against him on the theory that both were residents here and that this was the State of the marital domicile. The California action seems to have been an afterthought brought to harass the defendant when he was fulfilling a contract in California and under conditions which plaintiff and her attorneys well knew were very expensive to defendant. The proceeding seems to have been brought after threats failed to induce defendant voluntarily to relinquish his rights under the separation agreement.

There are various tests set out in the cases in this State governing conditions under which the prosecution of an action pending in another State will be enjoined. The power so to enjoin is unquestioned. (*Colson* v. *Pelgram*, 259 N. Y. 370.) One test is whether the cause of action arose in this State and whether material and necessary witnesses and documentary evidence are within this jurisdiction. (*Gaunt* v. *Nemours Trading Corporation*, 194 App. Div. 668, 671.) The present circumstances satisfy this criterion fully. It is apparent that since plaintiff claims that she was ill when she signed the agreement, it will be important for the defendant to show if he can, by a sufficient number of witnesses, that she was in good health. It will also be important for him to show what his exact financial status was at the time through accountants, and it will also be necessary for him to establish his own and his attorney's good faith in the transaction. All these points involve evidence which is purely local to New York and the defendant should not be forced to take all those witnesses and documents to California.

Another test suggested to guide a court in judging when circumstances are proper for the granting of such an injunction, is that there should be a *res* within the jurisdiction of the court which must be protected and administered here. (*Merritt-Chapman & Scott Corp.* v. *Mutual B. L. Ins. Co.*, 237 App. Div. 70, at p. 74.) Manifestly, the matrimonial status of these parties has always been subject to and under the protection of the New York courts and no facts have been shown in these papers to indicate that it has been transferred elsewhere.

The further test which, of course, underlies all applications for equitable relief is the good faith of the party starting the second law suit. I fail to find any such good faith in these papers. The

plaintiff, having appealed to this court to set aside a New York contract and knowing full well that she has nothing to lose by harassing the defendant with as many law suits as she pleases to bring, because she is certain to receive the $100 per week payment provided in the agreement, is in a position to speculate for the most favorable result in whatever forum she is able to serve process on the defendant. The defendant, however, is in no position fairly to meet the suit in any jurisdiction but the one in which he habitually works and earns his living. To force the defendant to go to California in view of his existing contracts, would impose upon him enormous extra per diem expenses and might well have the effect of denying him completely a hearing. He might, as is probably the underlying hope of the plaintiff, be forced to give up his rights under the contract because it would be too expensive to protect them in California. This, it seems to me, is one of the extraordinary circumstances which the courts have mentioned as being a good reason for granting injunctive relief. (See *Merritt-Chapman & Scott Corp. v. Mutual B. L. Ins. Co., supra.*)

Finally, since the contract is a good and sufficient contract until set aside, its very provisions amount to an assent by the plaintiff to the granting of injunctive relief against her in case she so far breaches the agreement as to bring a suit in violation of its terms. For all these reasons I think it clear that the injunction should issue. As for the request for leave to serve an amended answer, which asks for cross equitable relief, in the event that plaintiff fails to establish her case for rescission, I believe that this answer should be served. The relief asked for grows out of the contract in suit and since the parties will be before a court able to issue an appropriate decree, according to whatever circumstances the trier of the facts may determine, the orderly administration of justice requires that the leave requested be granted. Settle injunctive order providing for a bond of $250. Amended answer to be served within three days after service of notice of entry of this order.