BERNARD KAUFMAN, Respondent, *v.* ALBERT FARAH, Appellant.

First Department, December 16, 1952.

*Edward Friedman* of counsel (*G. E. Torre* with him on the brief; *John J. Sullivan* and *Eugene J. Finnegan,* attorneys), for appellant.

*Bernard Kaufman* of counsel (*Theodore Garfiel,* attorney), for respondent.

COHN, J.   This action was instituted by plaintiff, an attorney at law, to recover compensation from defendant for professional services rendered on behalf of defendant's wife and children.

The previous complaint served by plaintiff was held insufficient by this court and dismissed upon the ground that it stated only conclusions (276 App. Div. 178, 179).   The Court of Appeals, agreeing that the pleading was insufficient, modified the judgment of dismissal by providing that plaintiff might serve an amended complaint (303 N. Y. 819).   Availing himself of the privilege thus afforded, plaintiff has now served an amended complaint wherein he separately pleads two causes of action, for necessaries furnished.

In the first cause of action plaintiff alleges the rendition of professional services in behalf of defendant's wife in a suit brought by her against defendant for a separation for cruelty and nonsupport.   Annexed to the pleading is a copy of the complaint served upon defendant in the wife's action.   Plaintiff sets forth the reasons for bringing the wife's action and asserts that it was necessary, reasonable and proper for her protection and support.

The second cause of action alleges that plaintiff was consulted by defendant's wife with reference to defendant's failure to adequately support the two infant children of their marriage; that plaintiff was authorized by defendant's wife to have her appointed guardian ad litem of the children and to institute a suit against defendant husband in order to obtain for the children adequate maintenance. Plaintiff alleges that the action, brought on behalf of the wife and children, was discontinued because the defendant and his wife had been reconciled. It is stated by plaintiff that the children's action was necessary and proper for their support.

Accepting the allegations of the complaint as true, we think, that at least so far as the first cause of action is concerned plaintiff states a good cause of action. Since the motion to dismiss under rule 106 of the Rules of Civil Practice was addressed to the entire complaint, it must be denied if any cause of action is sufficient, even though plaintiff may not be entitled to all the relief sought (*Steisel* v. *Gratzer*, 272 App. Div. 673).

An attorney may maintain an action against a husband to recover the value of legal services rendered by him in the prosecution of an action against a husband by his wife for a separation upon the ground of cruel and inhuman treatment. In such an action plaintiff must show affirmatively that the suit was brought for the protection and support of the wife, and that the conduct of the husband was such as to render its institution and prosecution " necessary ". (*Kaufman* v. *Farah*, 303 N. Y. 819; *Naumer* v. *Gray*, 28 App. Div. 529, cited with approval in *Lanyton's Detective Agency* v. *Cochrane*, 240 N. Y. 274, 277; see, also, *Steuer* v. *Hart*, 175 App. Div. 829.) The pleading attacked meets this test. Whether plaintiff can succeed upon a trial in establishing the allegations of his complaint is a matter with which we are not here concerned.

We think that the Special Term was right in holding the complaint sufficient. The order should accordingly be affirmed.

DORE, J. P. (dissenting). In this third complaint brought by an attorney for services rendered to defendant's wife, defendant has again moved to dismiss for insufficiency. The original complaint was dismissed for insufficiency by Special Term. The second complaint was dismissed for insufficiency by this court (*Kaufman* v. *Farah*, 276 App. Div. 178); the Court of Appeals modified (303 N. Y. 819) the judgment entered on the order but provided that plaintiff be permitted to plead over. The third complaint now before us is the repleading thus permitted.

Plaintiff seeks recovery for legal services rendered to defendant's wife on the ground of necessaries. Essentially he alleges that he brought two actions at the wife's request: the first in her name against defendant, her husband, for separation; the second in her name as guardian of the children to compel defendant to give proper support and maintenance for the children of the marriage. But in both causes of action herein pleaded (referring to the above two actions), plaintiff alleges that the wife stated she would no longer continue the actions against defendant and requested discontinuance thereof. Both actions were discontinued. In the action for support for the children, plaintiff asked the advice of the court at Special Term; and the complaint alleges that Special Term stated " in effect that the parties had become reconciled and that the action should be discontinued." Concededly that action also was discontinued. But it is to be noted, that plaintiff does not allege that the parties did in fact become reconciled.

The net effect and the end results of all plaintiff's pleaded activity at the wife's request were nugatory, and the same as if the actions had never been started. Unless the court is willing to make the wife her husband's agent as to claims against him, made perhaps, without any just cause and in any event abandoned and given up by the wife without any favorable result, it should not hold the husband liable for attorney's fees, costs and expenses incurred in such actions. Obviously if the actions ended with judgment against the wife, the husband would be under no obligation to pay wife's lawyer's fees.

If the actions were discontinued because the parties had become reconciled, an attorney should not attempt to keep the litigation going for the sole purpose of procuring fees for himself. Doubtless plaintiff would have to call the wife to prove her requests and show the charges she made and this litigation might well be occasion of reopening old wounds and causing further matrimonial controversies between the parties.

In this complaint as in the two former complaints, plaintiff fails to show that his services were necessaries. Accordingly, I dissent and vote to reverse and dismiss the amended complaint.

VAN VOORHIS and BREITEL, JJ., concur with COHN, J.; DORE, J. P., dissents and votes to reverse and dismiss the amended complaint, in opinion.

Order affirmed, with $20 costs and disbursements to respondent. [See *post,* p. 812.]