VIRGINIA P. G. BENJAMIN, Respondent, *v.* HENRY R. BENJAMIN, Appellant.

First Department, March 16, 1954.

*Paul W. Williams* of counsel (*James A. Fowler, Jr., Thomas C. Mason* and *Mary M. Wenig* with him on the brief; *Cahill, Gordon, Zachry & Reindel,* attorneys), for appellant.

*Arthur Garfield Hays* of counsel (*Osmond K. Fraenkel, Samuel Hartman* and *Daniel J. Madigan* with him on the brief; *Hays, St. John, Abramson & Schulman; Hartman, Sheridan & Tekulsky,* attorneys), for respondent.

BERGAN, J. Plaintiff, who is the wife of defendant, has had judgment in her favor for $14,549.02 entered on the verdict of a jury for necessaries for a part of a year — the first three months of 1952. The plaintiff and defendant separated in 1949 "without fault of either party" and have been living separately by mutual consent.

Defendant had a net total income after taxes in 1951, of $180,158 and in 1952, $130,538. The necessaries for which plaintiff claims expenditure from January 1 to April 2, 1952, and for which she seeks reimbursement from defendant consisted of food and drink, wages of servants, the purchase of an automobile and of furnishings for her apartment, the extent and need for which were questions for the jury and were given to the jury under proper instructions.

Two of the largest items, i.e., $4,247.14 for the automobile and $4,113.06 for apartment furnishings claimed to have been made in the first quarter of 1952, we would not expect to recur frequently. The total of these expenditures as claimed by plaintiff is $16,456.99. Plaintiff's proof indicates that while the parties were together they lived at the rate of over $100,000 a year. Defendant in 1952, was worth between $5,000,000 and $6,000,000.

It was stipulated between the parties that defendant is entitled to an offset of $2,400 which is the amount he paid plaintiff in cash during the period here in question.

The main issue is whether plaintiff must also credit the defendant with a ratable proportion of the net income after taxes which she received in 1952 from capital funds provided for the wife by the husband before the separation. The total amount of these capital funds is $445,000, about half of it placed in trust by the defendant as part of an antenuptial agreement and the rest given to plaintiff during the marriage. Plaintiff's net income from this source after taxes was $15,800. Defendant's contention on appeal is that plaintiff was required to give credit for one fourth of this amount or $3,950 against her claim for necessaries.

The court charged the jury that on this question the defendant had the burden of proof to show that in providing the funds which produced the income it was the intention of the parties that it was to be used in supplying necessaries. Defendant's requests to charge on this subject were twofold.

He asked the court to say that it might be regarded as a question of fact whether plaintiff expected that her husband would repay her for disbursements for necessaries in the light of her practice of using the income derived from the funds provided by the husband for necessities during the time they lived together, apparently with the implication that she had the burden of showing the expectation that such income would not be used for necessaries.

But defendant also asked flatly that the court instruct the jury that it must deduct from any amount found to have been expended for necessaries, the portion of the net income derived from the money provided by defendant. Since the court refused both requests of defendant he is entitled to argue here the legal merits of the one more favorable to him.

We do not need to hold for the purposes of the case before us that there will be applied in New York the rule that seems to have been followed in New Jersey and in Delaware and which was discussed by the Appellate Term in 1910 in *Decker & Bros.* v. *Moyer* (121 N. Y. S. 630). That rule is that the husband's duty to provide for the necessaries of a wife from whom he has separated by mutual consent occurs only when the wife's independent income is insufficient to purchase necessaries. (*St. Mary's Hosp.* v. *Paxton,* 10 N. J. Misc. Rep. 514; *Fredd* v. *Eves,* 4 Harr. [Del.] 385).

We think that the rule ought to be that where the wife has capital funds which produce income after a separation by mutual consent, the net amount of income left to her when taxes are paid ought to be credited to the amount found to be due for necessaries. This is especially persuasive in its force where the husband himself has furnished the capital to the wife.

If the husband had made arrangements to provide necessaries in kind by the gift of an adequate house or the provision of an adequate and durable supply of fuel or had set up a credit arrangement by which food was supplied, it would be reasonable to expect that these things would be given due recognition to the extent they were found adequate to the wife's needs. Money has the virtue of being always adequate as far as it goes.

We think there should be a new trial; and while we regard as unsubstantial most of the errors complained of by defendant,

the jury should not be exposed to testimony by plaintiff that defendant "used to talk about" the extent of the money left by his father's will as having been $40,000,000. This greatly exceeds the magnitude of defendant's property or resources; it was elicited by plaintiff's persistence against repeated objection; and it seems to us prejudicial in a case devoted to what are to be treated as a wife's necessaries.

There is some inherent difficulty in using a fractional part of a year to determine what is a reasonable amount to be allocated for necessaries. This would suggest that on the new trial, the other actions for necessaries now pending be consolidated, so that the needs of the wife and the responsibility of the husband can be viewed as a larger entity of time, for a period of at least as long as a year. This has been the unit upon which the income of both parties has been computed.

The general problems involved in an action of this kind are similar in principle to those arising in a matrimonial action in which separate maintenance is allowed and in which the statutory requirement is that the alimony be fixed by the court "having regard to the circumstances of the respective parties." (Civ. Prac. Act. § 1169.)

We do not foreclose in advance the amount that will be recoverable as necessaries; but when due credit is given in the computation to the $15,800 annual net income of the plaintiff after taxes, we would regard an additional $20,000 a year net as approximately the maximum that would be recoverable for necessaries in any one year, if the conditions of the respective parties disclosed in this record remain unchanged.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

DORE, J. P., CALLAHAN, BREITEL and BOTEIN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.