Frank Del Vecchio, J.
Each of the defendants in the above-entitled actions moves to dismiss the complaint therein upon the ground that it does not state facts sufficient to constitute a cause of action. The motions are directed to the pleading as a whole, although each complaint alleges two causes of action — the first for breach of warranty and the second for negligence.
When a motion to dismiss for legal insufficiency is addressed to the entire complaint and not to each cause of action therein, it must be denied if any one of such causes of action is sufficient. (Imperatrice v. Imperatrice, 298 N. Y. 549; Kaufman v. Farah, 281 App. Div. 48, 50.)
*631 Bearing in mind that rule, the court will consider first the allegations relating to negligence by the several defendants, which are deemed sufficient to state a cause of action.
The actions are to recover damages alleged to have been sustained by illness and loss of hair resulting from plaintiff’s use of a product known as “ Spray Net ”, which was manufactured by Helene Curtis Industries, Inc., not a party to these actions. The complaints allege that the product was unsuitable, unfit and dangerous for the use for which it was sold. Each pleading also contains the following allegation: “ That the defendants herein did negligently, carelessly and willfully sell, handle, distribute and place in the hands of the public and the plaintiff herein an inherently dangerous product which they knew, or in the exercise of reasonable care should have known, was improper and dangerous for use upon the head, hair or scalp of the plaintiff herein.” (Italics supplied.)
In the briefs submitted, counsel asks the court to consider the affirmative defenses raised in the answers and matters not alleged in the complaints, proof of which could be offered on the trial, also to take judicial notice of certain facts. However, in determining whether the complaint is legally sufficient, only that pleading and no other papers may be considered. (Purdy v. McGarity, 262 App. Div. 623, 625; King v. Krischer Mfg. Co., 220 App. Div. 584; Matis v. Griscom, 64 N. Y. S. 2d 534.)
It appears from the complaints that the defendants Helene Curtis Sales, Inc., Cassalia and Occhino occupied respectively the status of distributor, wholesaler and retailer of the product in question. The argument is made that, the named defendants not being the manufacturer of the product which was sold to plaintiff in the original container, their duty was merely to discover defects which might be found by inspection alone, as distinguished from latent defects or dangers so concealed that chemical or other mechanical tests are necessary to disclose them.
However valid that argument may be (see Bruckel v. Milhau’s Son, 116 App. Div. 832; Liedeker v. Sears, Roebuck & Co., 249 App. Div. 835; Santise v. Martins, Inc., 258 App. Div. 663; Mesick v. Polk, 296 N. Y. 673), it is not decisive of the present motions. The complaints allege more than a failure to inspect or to discover a latent defect; they charge that the defendants “ knew ” of the dangerous nature of the product. There can be no question that, if any of the defendants named had actual knowledge that the product was dangerous and, having such knowledge, nevertheless caused it to come into the plaintiff’s hands without warning, that defendant might be held liable for *632 the foreseeable damages resulting therefrom. (Hope v. Fall Brook Coal Co., 3 App. Div. 70, 75; Condran v. Park & Tilford, 213 N. Y. 341, 345-346.) This conclusion is implicit in every case which discusses the duty of a seller or distributor to discover a defect.
Whether plaintiff will be able upon trial of the actions to establish actual knowledge in one or more of the defendants is of no importance now. This court is not concerned with the possibility that the proof may fall short of establishing the allegations as facts. (Denihan Enterprises v. O’Dwyer, 302 N. Y. 451, 458.) Upon these motions it must accept as true the material allegations of fact contained in the complaints and any reasonable inferences that may be drawn therefrom. (Latham v. Father Divine, 299 N. Y. 22, 26; Curren v. O’Connor, 304 N. Y. 515; Garvin v. Garvin, 306 N. Y. 118, 120.) Inasmuch as the challenged pleadings contain averments which, if proved, may result in liability on one or more defendants, the motions to dismiss the complaints as a matter of law must be denied, even though on the trial the complaints may be dismissed for failure of proof. (King Refrigerator Corp. v. King Metal Prods., 274 App. Div. 799.)
Inasmuch as each complaint alleges a good cause of action in negligence, it is not necessary to pass upon the causes of action based on a breach of warranty set forth in the pleadings. It may be appropriate, however, to mention that such an action may not be maintained in the absence of privity of contract between the parties thereto. (Chysky v. Drake Bros. Co., 235 N. Y. 468; Campo v. Scofield, 301 N. Y. 468, 471.) Unlike the actions pleaded against defendants Helene Curtis Sales, Inc. and Occhino — both of which contain allegations that the named defendant sold to the plaintiff — there is nothing in the complaint against Cassalia, the wholesaler, to indicate any privity between him and the plaintiff. However, the court does not pass upon the sufficiency of the warranty causes of action at this time.
Motions to dismiss the complaints are denied.
Order accordingly.