SOL A. ROSENBLATT, Respondent, *v.* LAWRENCE P. WOLF, Appellant.

First Department, December 18, 1962.

*Sidney H. Koblentz* for appellant.

*Isaac Gluckman* of counsel (*Herman S. Axelrod* with him on the brief), for respondent.

BOTEIN, P. J. Plaintiff, an attorney, sues to recover from defendant the reasonable value of legal services rendered in a number of legal proceedings brought by or against defendant's wife. Defendant appeals from an order denying his motion to dismiss the complaint as insufficient.

Defendant and his wife are separated and the latter has custody of their infant children. Under the separation agreement the wife is entitled to receive periodic payments for the support of herself and the children. Defendant allegedly defaulted in making the payments and the wife retained plaintiff as her attorney. Plaintiff brought three lawsuits on behalf of the wife against her husband to enforce the provisions of the separation agreement. He also represented her in connection with a habeas corpus proceeding instituted by the husband and a suit by one Brill against both husband and wife. On the theory that his legal services were necessaries, plaintiff by this action seeks to recover their value from the husband.

Plaintiff urges that the nature of a separation agreement endows it in support of his claim with the status of a matrimonial judgment, so that *Friou* v. *Gentes* (11 A D 2d 124) would be applicable (see, also, *Kommel* v. *Karron,* 152 Misc. 294), and the legal services rendered on behalf of the wife and children would therefore constitute necessaries. Defendant, on the other hand, contends that the views concerning the status of a separa-

tion agreement as expressed in such cases as *Galusha* v. *Galusha* (116 N. Y. 635), *Johnson* v. *Johnson* (206 N. Y. 561) and *Goldman* v. *Goldman* (282 N. Y. 296) destroy plaintiff's claim.

In our opinion the deficiencies of the complaint bar present exploration of these contentions, whether they relate to the claim based upon services rendered the wife or services on behalf of the children — which latter claim we appreciate is on a different footing (see *Gutterman* v. *Langerman,* 2 A D 2d 63; *Krieger* v. *Krieger,* 162 Misc. 930; 16 N. Y. Jur., Domestic Relations, § 546, p. 108). The description of the services is confined to little more than a stark listing of litigation (cf. *Kaufman* v. *Farah,* 276 App. Div. 178, mod. in other respects 303 N. Y. 819). No adequate showing is made that the services were reasonable and proper (cf. *Steuer* v. *Hart,* 175 App. Div. 829; *Kaufman* v. *Farah,* 281 App. Div. 48); and, while the complaint refers to a variety of litigation brought or defended on the wife's behalf we are left in the dark as to the state of pendency or the outcome of any of these matters (cf. *Weidlich* v. *Richards,* 276 App. Div. 383). No explanation of the nature of the Brill action or of the habeas corpus proceeding is presented. Likewise unexplained is the allegation that another attorney had been substituted for plaintiff in all the litigation, an allegation which in its present form raises the question whether a fair evaluation of plaintiff's services can now be made.

If the action is started anew, as should be permitted, consideration might be given to the possible bearing of paragraph Sixth of the separation agreement, in which the parties agree not to contract any debt or liability on behalf of the other. Compare the agreements in *Marson* v. *Marson* (6 A D 2d 786, affd. 6 N Y 2d 925) and in *Vallee* v. *Vallee* (153 Misc. 641, affd. 241 App. Div. 851), in which latter case, however, the husband was not in default. Consideration should also be given to the extent of the wife's independent resources (cf. *Benjamin* v. *Benjamin,* 283 App. Div. 455). We agree with plaintiff that in the instant circumstances he need not allege the separation was due to defendant's fault (*Benjamin* v. *Benjamin, supra*; *Rochester Gen. Hosp.* v. *Ingstrum,* 171 Misc. 288; Ann. 60 A. L. R. 2d 33).

In short, if the complaint, asserting as it does one cause of action, were not insufficient for the reasons stated above, we would hold it sufficient if the allegations of services rendered the infant children were properly pleaded. In that event, we would not, as we do not now, reach the question of the sufficiency of the claim for services rendered the wife.

Accordingly, the order entered December 28, 1961, denying defendant's motion to dismiss the complaint, should be reversed, on the law, with costs, and the motion granted to the extent of dismissing the complaint without prejudice.

BREITEL, VALENTE, McNALLY and STEVENS, JJ., concur.

Order, entered December 28, 1961, unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs to the extent of dismissing the complaint, without prejudice, and the Clerk is directed to enter judgment in favor of the defendant dismissing the complaint, without prejudice, with costs.